Daniel H. SAHADI, Plaintiff–Appellant,

v.

REYNOLDS CHEMICAL, Division of Hoover Ball and Bearing Company, Defendant–Appellee.

No. 78–1445.

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1980.

Decided Sept. 15, 1980.

William D. Haynes, Haynes & Donnelly, Gerald D. Wahl, Detroit, Mich., for plaintiff–appellant.

Anthony A. Haisch, Cross, Wrock, Miller & Vieson, Michael A. Holmes, Detroit, Mich., for defendant–appellee.

Before ENGEL, MERRITT and JONES, Circuit Judges.

PER CURIAM.

Daniel H. Sahadi brought suit against his employer, Reynolds Chemical, in the district court under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, alleging that he was discriminatorily terminated from employment because of his age. The case went before a jury, but after presentation of the plaintiff's proofs, the trial judge directed a verdict for Reynolds, holding that, as a matter of law, Sahadi had failed to make out a *prima facie* case under the Act. We affirm.

The evidence presented at trial, construed most favorably to the plaintiff, fully supports the trial judge's directed verdict.

Daniel Sahadi was 51 when he began his job as a color matcher for the Ann Arbor plant of Reynolds Chemical on July 28, 1965. He was laid off in November, 1974 and terminated eight months later. Reynolds Chemical produced plastic products for use in the automobile industry. In his capacity as color matcher, plaintiff created dyes for the plastic products which precisely matched colors chosen by industrial clients for use in their automotive products.

Both parties agreed that plaintiff was a competent worker. He had over 20 years experience as a color matcher and was occasionally used as a trouble–shooter in defendant's other plants. At one point plaintiff was transferred to the Farwell, Michigan plant where he hired and trained a new assistant, John Schuler, who assumed the color matching duties at the Farwell location upon plaintiff's return to the Ann Arbor plant.

Further testimony indicated that a downturn in the auto industry in 1974 adversely affected Reynolds Chemical and influenced the company to make changes in its product line and to decrease its work force. The need for color matching subsequently decreased and plaintiff was one of four employees laid off from different departments. In July, 1974, prior to plaintiff's lay-off,

the company hired Raoul Alexander to institute a new product line involving water based paints at the Ann Arbor plant. Apparently Alexander was a chemist of "some renown" and also had the skill to perform plaintiff's color matching work.

Plaintiff asserts that his termination was due to age rather than economic factors. His allegation of discrimination is based on the fact that two younger persons were retained by defendant whose work he could have performed. Mr. Alexander was 50 when hired and possessed abilities exceeding the skills required for plaintiff's work. The plaintiff's decreased color matching duties were assumed by Alexander upon his layoff and subsequent discharge. Schuler, who was hired and trained to perform color matching duties at the Farwell plant, was 45 at the time of plaintiff's layoff. Schuler was hired to replace plaintiff at that location after plaintiff had requested a transfer to the Ann Arbor plant.[1]

The district court based its decision on *Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir. 1975). Although plaintiff here is in the protected age group under the Act[2] and is a qualified employee, the court observed that the circumstances of his discharge suggested no discriminatory basis in and of itself. Plaintiff's discharge "could be for economic reasons, it could be for poor work performance, it could be for a myriad number of factors, and there is no one of those factors that in logic comes to the fore any more than any of the others without some type of adequate supporting proofs in that regard." The court further recognized that under *Laugesen*, age would not have to be the sole reason, but only a contributing factor in connection with the discharge.

In construing the indicia of age discrimination most favorably to plaintiff, the court concluded that there were no facts in the record from which a jury could reach the conclusion that age discrimination occurred unless they were allowed to indulge in guess or speculation. The court determined that plaintiff's job was simply eliminated. Plaintiff was not replaced; his former duties were assumed by Alexander, who performed them in addition to his other functions. Further, the court stated that the company was under no duty to transfer plaintiff to the Farwell plant and discharge Schuler. The court noted that the question for the jury was not whether plaintiff was treated fairly but whether discrimination occurred. On the facts presented in plaintiff's proofs there simply was no reasonable inference to suggest that plaintiff was discriminated against because of his age. Paraphrasing *Laugesen*, Judge Guy observed, "Congress did not intend that every employer who discharges a person in the protected age group should automatically find himself at the other end of an age discrimination charge."

As in *Laugesen*, the plaintiff here was the victim of a company cutback in its labor force necessitated by depressed economic conditions in the industry. A further similarity is that in both cases the job held by plaintiff was combined into the duties of a younger employee. In *Laugesen*, however, we reversed a jury verdict in favor of the employer because of errors in jury instructions, but remanded for a new trial, conceiving that the evidence raised a jury question whether the employer had been guilty of discriminating against Laugesen because of his age.

The distinction between the facts in *Laugesen* and those here is, we think, narrow but significant. There we noted that a

---

1. It is thus seen that Alexander and Schuler, at ages 50 and 45 respectively, were also within the protected class under the Act. 29 U.S.C.A. § 631(a) (Supp. 1980). Although it appears that Alexander did assume whatever remained of plaintiff's duties, he testified that it was a small percentage of his work volume. Further, Mr. Schuler did not assume any of plaintiff's duties. The evidence before the district court showed that the company had effectively eliminated Sahadi's position due to economic hardship.

2. Section 631(a) of the Age Discrimination in Employment Act provides:

    The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age but less than 70 years of age. 29 U.S.C.A. § 631(a) (Supp.1980).

comment on Laugesen's Separation Notice, "too many years on the job," while ambiguous, "could have meant that the length of service itself, a factor inevitably related to age, was the basis for discharge regardless of performance, and hence would show discrimination." *Id.* at 313. No similar evidence appears in the record here.

Plaintiff asserts that *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), presents the test for establishing a *prima facie* case. However, plaintiff admits that a *prima facie* case of age discrimination is not shown by mere termination of a competent employee where it is shown that an employer is making cutbacks due to economic necessity. *See Price v. Maryland Casualty Co.,* 561 F.2d 609 (5th Cir. 1977); *Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730 (5th Cir. 1977). These arguments have already been fully addressed by our circuit in *Laugesen. Id.* at 311.

Plaintiff argues that this court should find a *prima facie* case where it is shown that an employee terminated during an economic cutback can establish that a younger person was retained in a position which plaintiff is capable of performing, and would have been willing to relocate to perform that job.

The pertinent provisions of the Age Discrimination Act are as follows:

(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of an employee in order to comply with this chapter.

29 U.S.C. § 623(a) (1976).

If the plaintiff's case—in—chief is viewed as satisfying the requirements for a *prima facie* case of age discrimination, then every employer who terminates an employee between 40 and 70 years of age under any circumstances, will carry an automatic burden to justify the termination. That result conflicts with the intent of Congress and with our own interpretation of the Act in *Laugesen.*

> The progression of age is a universal human process. In the very nature of the problem, it is apparent that in the usual case, absent any discriminatory intent, discharged employees will more often than not be replaced by those younger than they, for older employees are constantly moving out of the labor market, while younger ones move in. This factor of progression and replacement is not necessarily involved in cases involving the immutable characteristics of race, sex and national origin. Thus, while the principal thrust of the Age Act is to protect the older worker from victimization by arbitrary classification on account of age, we do not believe that Congress intended automatic presumptions to apply whenever a worker is replaced by another of a different age.

510 F.2d 313, n.4.[3]

We agree with the district court that plaintiff has failed to establish more than the fact of an age differential. This, in our view, is insufficient evidence for a *prima*

---

**3.** As we noted in *Laugesen,* 510 F.2d at 312, n.4, it is evident in H.R.Rep. No. 805, 90th Cong., 1st Sess. *reprinted in* [1967] U.S. Code Cong. & Ad. News 2213, 2220, that Congress intended the Age Discrimination Act to be applied on a case—by—case basis, rather than adopting formalistic approaches:

> The case—by—case basis should serve as the underlying rule in the administration of the legislation. Too many different types of situations in employment occur for the strict application of general prohibitions and provisions.

*See also Wilson v. Sealtest Foods Div. of Kraft Co.,* 501 F.2d 84 (5th Cir. 1974); *Marshall v. Hills Bros.,* 432 F.Supp. 1320 (N.D.Cal.1977).

*facie* case under the Age Discrimination Act.

Affirmed.