774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frances Magnatta, Plaintiff-Appellant,
v.
Medical College of Ohio, Defendant-Appellee.
 No. 85-3095
 United States Court of Appeals, Sixth Circuit.
 9/30/85
 
 N.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and RUBIN, District Judge*.
 PER CURIAM.
 
 
 1
 This is an appeal from summary judgment in favor of the defendant employer in a case where the plaintiff charged violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. The plaintiff concedes that she was laid off as a result of reduction of forces for economic reasons, but contends that she was replaced successively by two younger people whose actual qualifications were no greater than hers.
 
 
 2
 In reducing its forces the defendant decided to eliminate the position of Social Service Worker 2, while retaining the position of Social Service Worker 3. At the time of the reduction plaintiff was the only employee classified as Social Service Worker 2 and there were several employees classified as Social Service Worker 3. The position of Social Service Worker 2 was not subsequently filled. However, after plaintiff's layoff, there were two vacancies in Social Service Worker 3 positions and these vacancies were filled by people under 40 years of age whereas plaintiff was between the ages of 40 and 70.
 
 
 3
 The written requirements for the position of Social Service Worker 3 included a BA degree. Plaintiff had not completed high school, but had worked for the defendant for many years. The two younger people employed in Social Service Worker 3 position both had college degrees. The district court concluded that the defendant did not fail to recall plaintiff for a position for which she was qualified and that the position which she formerly held was not filled, that is, plaintiff was not replaced.
 
 
 4
 On appeal plaintiff argues that summary judgment was improper because there was a genuine issue of material fact and that the district court erred in not viewing all the facts most favorably to her as one opposing a motion for summary judgment. She maintains that an affidavit of her former supervisor created a genuine issue of material fact as to whether she was qualified for either of the Social Service Worker 3 positions.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court did not err in granting summary judgment for the defendant. The position of Social Service Worker 2, held by plaintiff at the time of her layoff, was never filled. The fact that the defendant did not offer either of the Social Service Worker 3 positions to plaintiff was not evidence of a violation of the Age Discrimination in Employment Act. The record shows that plaintiff did not meet the qualifications for Social Service Worker 3 classification and the affidavit of the former supervisor to the contrary was too conclusory to raise a genuine issue of material fact. Other than the fact that the plaintiff was indeed within the range of protected ages under the Act, there is no evidence in this record that the failure to call plaintiff back to employment resulted from age discrimination. This case is covered by the court's decision in Sahadi v. Reynolds Chemical, 636 F.2d 1116 (6th Cir. 1980).
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation