786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANNIE CLAY REECE (85-5057), LELA HOLLINGSWORTH (85-5058),
Plaintiffs-Appellants
v.
HOSPITAL CORPORATION OF AMERICA, d/b/a NORTHPARK HOSPITAL
and NORTHPARK HOSPITAL, Defendants-Appellees.
 85-5057, 85-5058
 United States Court of Appeals, Sixth Circuit.
 2/20/86
 
 E.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: KEITH and MARTIN, Circuit Judges; and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Annie Clay Reece and Lela Hollingsworth appeal from summary judgments granted in favor of their employer, Hospital Corporation of America and North Park Hospital, in an action under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. Reece and Hollingsworth contend that they raised genuine issues of material fact in support of their claim that they were discharged because of their age and, therefore, that summary judgment was improper. We affirm.
 
 
 2
 Reece was forty-three years old when she was hired in 1977 by North Park Hospital as a licensed practical nurse for the night shift. Hollingsworth was fifty-three years old when she was hired in 1978 for the same position. In October of 1982, Carolyn Elliott, the director of nursing, recommended to the Hospital Administrator, Jonathan Grimes, that the Hospital should begin staffing the night shift with registered nurses rather than a mix of registered and licensed practical nurses. Elliott explained in her affidavit that the Hospital was moving to a new facility and that she believed that the staffing change would be most cost-efficient while providing the best patient care because registered nurses could perform functions and procedures that licensed prctical nurses could not perform.
 
 
 3
 In mid-October, 1982, Elliott informed the three night shift licensed practical nurses, Reece, Hollingsworth, and a twenty-seven year old colleague, of the change and that their positions were to be eliminated as of November 14, 1982. Elliott advised them to look for other employment, gave them letters of recommendation and contacted other hospitals in search of potential vacancies for them. The nurses were not told that they would be recalled though Hollingsworth stated that she believed that she might be recalled. Hollingsworth's last day of work was November 10, 1982, and Reece's last day was November 14, 1982.
 
 
 4
 After the Hospital moved, the night shift was staffed with registered nurses. However, by January, 1983, the patient census was exceeding expectations so a licensed practical nurse was transferred from the day to the night shift. In April, 1983, a licensed practical nurse was hired to work on the afternoon and night shifts on an 'as needed' basis. In June, 1983, a licensed practical nurse was hired for the night shift.
 
 
 5
 Neither Reece nor Hollingsworth indicated any interest in being rehired during this period. Reece called the Hospital in January of 1983 and was told that the Hospital was accepting licensed practical nurse applications. She did not apply. In October, 1983, in response to a letter from the Hospital's attorney advising Reece that she was eligible for rehire, Reece applied and was told that she could be reemployed if she passed a physical examination. When the examination revealed a heart murmur and hypertension, Elliott asked Reece to visit a doctor of her choice for a second opinion. Reece did go to a second doctor but never reported the results to the Hospital. Hollingsworth never contacted the Hospital about reemployment.
 
 
 6
 On May 26, 1983, Reece filed a charge with the Tennessee Commission on Human Rights, claiming that she had been discriminated against on the basis of race and age. Hollingsworth filed a charge on September 28, 1983, alleging age discrimination. Reece and Hollingsworth filed this action in May, 1984, contending that the Hospital discriminated against them on the basis of age in an attempt to eliminate their benefits, retirement plans and higher salary. Reece and Hollingsworth pointed to the fact that younger nurses remained at the Hospital, while Reece and Hollingsworth were discharged, as the only reason that they thought the Hospital was discriminating against them. Neither had ever heard any discriminatory statements made by the Hospital or its administrators.
 
 
 7
 Summary judgment may not be granted where there are genuine issues of fact or where there are issues as to inferences which may be drawn from the facts. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). It is especially inappropriate when intent or motive is involved, as here. However, the moving party does have the right to be spared the expense of trial if there are no issues of fact for the trier of fact to determine. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir. 1982). Summary judgment has been granted in cases in which the conclusory allegations of the discharged employee were all that supported his claim. See Kendall v. Hoover, 751 F.2d 171 (6th Cir. 1984); Locke v. Commercial Union Ins. Co., 676 F.2d 205 (6th Cir. 1982); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66 (6th Cir. 1982). The district court in this case was correct in granting summary judgment because here, too, the discharged employees, through their complaints and deposition testimony, have established nothing more than conclusory allegations.
 
 
 8
 This Circuit has repeatedly refused to apply mechanically to ADEA cases the prima facie case guidelines which the Supreme Court enunciated for Title VII actions in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See La Grant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090 (6th Cir. 1984); Laugesen v. Anaconda Co., 510 F.2d 307, 312 (6th Cir. 1975). Rather, a case-by-case analysis must be used, Sahadi v. Reynolds Chem., 636 F.2d 1116, 1118 & n.3 (6th Cir. 1980), to determine whether the discharged employee has established the 'ultimate issue,' of 'whether age was a factor in a decision of an employer to terminate an ADEA claimant and whether the age of the claimant made a difference in determining whether he was to be retained or discharged.' Ackerman, 670 F.2d at 70.
 
 
 9
 We find no genuine issue of material fact in the record as to whether Reece and Hollingsworth were discriminated against because of their age. Both Reece and Hollingsworth were above the age of forty when they were discharged. Yet, a twenty-seven year old was discharged with them. There is no dispute that Reece and Hollingsworth were qualified for their positions as licensed practical nurses. However, they produced no evidence whatsosever to challenge the affidavit of Elliott which explained the reasons for the original decision to move to a registered nurse staffing and the later decision to once again use licensed practical nurses.
 
 
 10
 Indeed, even if the nurse transferred to the night shift from another shift in January, the 'as needed' nurse hired in April, and the nurse hired in June, 1983, can be termed 'replacements' for Reece and Hollingsworth, no presumption of age discrimination arises because a presumption is not created merely because an employee is replaced by a younger person. Sahadi, 636 F.2d at 1118; Laugesen, 510 F.2d at 313 n.4. The record does not contain any evidence of age discrimination other than Reece's and Hollingsworth's allegations. Reece and Hollingsworth claimed that they were discharged in attempt to eliminate their benefits, retirement plans and higher salary. Yet, neither knew how much they were paid at the time of their termination and did not know how their salaries compared to that of other nurses. They admitted in their depositions that their benefits were the same as those of other nurses and that they knew nothing about the retirement plans of the Hospital.
 
 
 11
 Viewing the record in the light most favorable to the parties opposing the summary judgment motion, Reece and Hollingsworth, we conclude that they present no fact to support their allegations. When asked why they thought they had been discriminated against, Reece and Hollingsworth both stated that the Hospital kept the younger employees while Reece and Hollingsworth were discharged. In Sahadi, 636 F.2d at 1118, this Court affirmed a grant of summary judgment in a case in which the only evidence of discrimination was the employer's retention of younger employees. The same result is proper here.
 
 
 12
 The Hospital claims that summary judgment against Hollingsworth should be affirmed because she failed to file timely her EEOC discrimination charge. Because we affirm on the substantive issue, we need not reach this procedural point.
 
 
 13
 We affirm.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation