791 F.2d 936
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD WESLOWSKI aka RONALD WESLEY, Plaintiff-Appellant
v.
COTTON CLUB BOTTLING COMPANY, Defendant-Appellee.
 85-3440
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MARTIN and GUY, Circuit Judges; and REED,* District Judge.
 PER CURIAM.
 
 
 1
 In this age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. Ronald Weslowski appeals the district court's award of summary judgment to the defendant employer, Cotton Club Bottling Company. The district court held that the plaintiff's allegations were insufficient as a matter of law to establish a prima facie case of age discrimination.
 
 
 2
 Weslowski appeals this disposition on two grounds. He argues first that the lower court applied an incorrect legal standard in evaluating his prima facie case. Weslowski also contends that, as the party opposing the summary judgment motion, he was entitled to but did not receive the benefit of all inferences which could be drawn from the facts of the case.
 
 
 3
 Weslowski began his second tenure of employment with Cotton Club Bottling Company in 1975. He was hired by the company in 1955 as a truck driver, but left this position voluntarily in 1967 in order to seek other employment. Weslowski returned to Cotton Club in 1975 as a foreman of the loading dock, and remained in that position for approximately eight years. At the end of 1981, Weslowski was moved into a night checker position, in which he was responsible for checking the trucks after they were loaded and before the product was delivered the following day. One year later, Weslowski was transferred again, to a position in which he checked the loading dock activity and incoming freight deliveries. All of these positions were classified as 'management' jobs by Cotton Club. Weslowski remained in this position until he was laid off in December, 1983. He was then forty-five years old. He was notified that the layoff had become permanent in April, 1984.
 
 
 4
 Cotton Club maintains that Weslowski's layoff was an economic decision. They argue that one position had to be eliminated and Weslowski's was the most expendable. Weslowski contends that Cotton Club 'maneuvered' him into an expendable position in order to mask the real reason for his termination, his age. Weslowski bases his argument on the following facts: (1) he was never warned or disciplined about his job performance, and (2) each time he was transferred, a younger person took over his position.
 
 
 5
 Weslowski is correct in stating that all inferences must be resolved in his favor as the opponent of the summary judgment motion. United States v. Diebold, Inc., 369 U.S. 654 (1962). We believe, however, that the dispute over Weslowski's job performance is irrelevant to Cotton Club's proferred reason for his dismissal, a reduction in work force. In other words, even assuming Weslowski's job performance was satisfactory, the mere fact that a competent employee was terminated does not, without more, raise the inference that the termination was improperly motivated.
 
 
 6
 Weslowski also argues that his frequent transfers were to allow room for younger employees, and that this fact was not accorded sufficient weight by the district court. The district court observed that no new, younger employees were brought in to replace Weslowski. Further, Cotton Club's management philosophy required that all mid-level management employees be trained for all management positions, which necessitated Weslowski's replacement by management trainees who were frequently younger than he. Further, Weslowski was indisputably offered a non-expendable position which he refused. Therefore, the uncontroverted facts presented to the district judge did not raise the inference of improper motivation.
 
 
 7
 Weslowski's second argument is that the district court used an incorrect legal standard in evaluating his claim. This argument has no merit. The district court correctly noted that the Sixth Circuit has rejected a mechanistic application of the McDonnell Douglas test in age discrimination cases. Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir. 1983); Sahadi v. Reynolds Chemical, 636 F.2d 1116 (6th Cir. 1980); Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir. 1975). Weslowski apparently believes that a Fifth Circuit case, Williams v. General Motors, 656 F.2d 120 (5th Cir. 1981), aids his argument, but that case has no binding precedential value here.
 
 
 8
 We agree with the district court that Weslowski's claim consists only of conclusory allegations; he has produced no facts from which discriminatory motive may be seen, either directly or by inference. Under the prevailing Sixth Circuit standards in age discrimination cases, Weslowski's claim cannot withstand a motion for summary judgment. Kendall v. Hoover Co., 751 F.2d 171 (6th Cir. 1984); Locke v. Commercial Union Ins. Co., 696 F.2d 205 (6th Cir. 1982); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir. 1982).
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation