815 F.2d 706
 46 Fair Empl.Prac.Cas. 1552,
42 Empl. Prac. Dec. P 36,827
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. TOROWSKI, Plaintiff-Appellant
v.
UNITED PARCEL SERVICE, Defendant-Appellee
 No. 86-3342.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff Thomas E. Torowski brought this case against his former employer, United Parcel Service, under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621-634 (1982). Torowski claims that U.P.S. discriminated against him on the basis of age when the company terminated his employment and then replaced him with a younger individual.
 
 
 2
 This Court has expressed its reluctance to fix rigid guidelines for establishing a prima facie case of age discrimination. Rose v. National Cash Register Corp., 703 F.2d 225, 227 (6th Cir.1983); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir.1982). Although plaintiff has arguably met the modified requirements of McDonnell Douglas v. Green, 411 U.S. 792 (1973),[1] this does not sufficiently prove age discrimination without some proof that age made a difference in determining whether the plaintiff was retained or terminated. Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1117-18 (6th Cir.1980); Laugesen v. Anaconda Co., 510 F.2d 307, 310 (6th Cir.1975). The plaintiff must present a reasonable inference to suggest that he was discriminated against because of his age. Rose, 703 F.2d at 227; Ackerman, 670 F.2d at 70; Sahadi, 636 F.2d at 1117; Laugesen, 510 F.2d at 317. Plaintiff has failed to meet this burden.
 
 
 3
 Torowski telephoned both his immediate supervisor and the company's district manager on Christmas morning. Torowski concedes that he was intoxicated and informed both individuals that he was resigning. It is clear from the record that the company accepted Torowski's resignation, or refused to allow him to withdraw his resignation, on the basis of his conduct Christmas morning.
 
 
 4
 The sole issue before this Court is whether the District Court properly disposed of this case on a motion for summary judgment. After reviewing the record in the light most favorable to Torowski, we find no genuine issue or material fact as to whether Torowski was discriminated against because of his age. Accordingly, summary judgment of the District Court is affirmed.
 
 
 
 [1]
 The McDonnell Douglas test as modified for application to age discrimination would require the plaintiff prove (1) he was a member of the protected class; (2) he was discharged; (3) he was qualified for the position; and (4) he was replaced by a younger person. Ackerman, 670 F.2d at 69