845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles J. DeCARBO, Plaintiff-Appellant,
v.
GOODYEAR AEROSPACE CORP., Defendant-Appellee.
 No. 87-3578.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1988.
 
 Before LIVELY and RALPH B. GUY, Jr., Circuit Judges, and AVERN COHN, District Judge.*
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 After unsuccessfully seeking employment with the defendant, DeCarbo instituted this age discrimination suit. 29 U.S.C. Sec. 621-634.[1] By consent of the parties, the suit was referred to a magistrate for trial or other final disposition. After discovery was completed, the magistrate granted the defendant's motion for summary judgment. The magistrate concluded that DeCarbo could not make out a prima facie case.
 
 
 2
 On appeal, plaintiff argues that summary judgment was inappropriate because material facts were still in dispute. He also argues that the magistrate failed to properly consider certain statistical evidence offered by plaintiff and, if such evidence were considered, that a prima facie case was made.
 
 
 3
 Upon review, we conclude that there is no merit to plaintiff's contentions and affirm. Magistrate Perelman issued a written opinion in which he carefully considered each of the arguments advanced by DeCarbo. We affirm essentially on the basis of that opinion, but write briefly, in addition, for further clarification.
 
 I.
 
 4
 In the autumn of 1983, DeCarbo responded to an advertisement placed in an engineering trade journal by Goodyear. The advertisement briefly referenced some twenty engineering opportunities with Goodyear. DeCarbo was an electrical engineer and the portion of the ad which caught his eye read as follows:
 
 
 5
 Underseas Weapons Systems Engineer--BSEE with experience in weapons systems design/development.
 
 
 6
 The references to the other open positions were equally brief, and the only other information provided by the ad was that applicants had to have "5-years related experience" and be a United States citizen.
 
 
 7
 At the time DeCarbo saw this ad, he was fifty-two years of age and had a B.S.E.E. degree. He had worked for twenty-five years as an engineer, and included in his work history was a three-year stint working on the Mark 48 MOD I Torpedo. DeCarbo was job hunting at that time and had submitted resumes to several companies, none which offered employment. It is also apparent that plaintiff felt his age was being viewed as a negative factor by prospective employers and definitely had his antennae up. He had filed age discrimination charges against another employer in 1981, which resulted in his being hired into a position from which he was shortly after discharged. He then initiated a retaliation complaint which was resolved by a monetary settlement. In May of 1983, DeCarbo filed age discrimination charges against another company but nothing came of these charges at that time. A year later he filed charges against the same company which were dismissed by the Equal Employment Opportunity Commission.
 
 
 8
 By relating the foregoing history, we do not mean to suggest any impropriety on the part of plaintiff. On the contrary, what may be indicated is the exact kind of pervasive age discrimination in the marketplace that lead Congress to pass age discrimination legislation. It does have a bearing, however, on plaintiff's initial contact with Goodyear.
 
 
 9
 DeCarbo claimed, but offered no proof, that employment agencies submitted his resume to Goodyear. When he heard nothing, he contacted Goodyear by telephone and was informed that no application was submitted in his behalf but that he should submit one. Plaintiff thereupon sent in a resume but in so doing got off on the wrong foot on two counts. First, his transmittal letter contained the following not-so-veiled threat:
 
 
 10
 As I indicated, several consulting firms have submitted me for your positions and they apparently have had no response or negative response from your firm. If there is a problem, I would like to get it resolved. When one is turned down for no apparent reason, the question of discrimination immediately arises.
 
 
 11
 Again, we emphasize that plaintiff was entitled to the rights given him by law, but employers are not looking to hire walking lawsuits.
 
 
 12
 More importantly, however, the resume submitted, which provided the only information on DeCarbo's background, was inadequate and poorly packaged. For example, he did not even give the names of his previous employers, perhaps because with the more recent ones the employment arguably was under duress. In addition, the only underseas weapons' experience listed was from 1970 to 1973. Early 1970's technology was obsolete in 1983. Furthermore, plaintiff's resume indicated his primary experience was as a programmable controller which differs from the researching and design of weapons which was Goodyear's mission. Plaintiff's resume was reviewed by the department head of the Underseas Weapons Division and also by four section managers. Because his experience and prior job focus was not what Goodyear wanted, DeCarbo did not ever receive an employment interview. It is not clear from the record that Goodyear ever hired anyone to fill the position for which plaintiff applied.
 
 II.
 
 13
 In looking at the complaint filed in this case and the evidence that plaintiff amassed in support of his claim, it is apparent that plaintiff had two primary thrusts to his theory of recovery. First, he was generally qualified by education and experience to work for the defendant, and second, Goodyear was hiring younger engineers, but not even giving him an interview. Before examining these contentions and Goodyear's responses, it is helpful to briefly review the legal backdrop against which these claims must be reviewed.
 
 
 14
 The law in this circuit on age discrimination has emerged through an evolutionary process and has not always been as clear as one might wish. Without attempting an exhaustive review, suffice it to say that we have delineated certain fixed benchmarks. We do not require that an age case be proved pursuant to any rigid formulization of proofs such as was set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Rather, we proceed by way of a case-by-case analysis. Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir.1983). Plaintiff need only prove that age was a determining factor in the employment decision and, if there is more than one reason advanced for an employer's decision, the plaintiff may prevail if he establishes that, "but for" a discriminatory motive, the action would not have been taken. Wilkins v. Eaton Corp., 790 F.2d 515, 520 (6th Cir.1986), quoting Loeb v. Textron, Inc., 600 F.2d 1003, 1019 (1st Cir.1979). To make out a prima facie case, a plaintiff must show that he was in the protected age group (40-70), that he was not hired, that he was qualified, and that a younger person was hired. Chappell v. GTE Products Corp., 803 F.2d 261, 265 (6th Cir.1986), cert. denied, 107 S.Ct. 1375 (1987).[2] Although the analysis of procedures continues forward after a prima facie case has been made, we need not continue it here since this case foundered on the inability to make out a prima facie case.
 
 
 15
 Goodyear presented strong evidence that plaintiff did not have the qualifications necessary for the job. No one disputes that plaintiff is a generally well-qualified electrical engineer, but plaintiff was unable to demonstrate that he possessed the qualifications which were demanded for the specific position in question. On this issue, the plaintiff has failed to show that there were any genuinely disputed issues as to material facts and, thus, summary judgment was appropriate.
 
 
 16
 The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.
 
 
 17
 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 III.
 
 18
 Since plaintiff was unable to demonstrate he was qualified for the position in question, we really do not have to reach the question of whether a younger person was hired instead, which plaintiff attempted to prove by some hiring statistics. We will address the issue briefly, however, since it is not always clear on review at just what facet of a case certain proofs were directed. Plaintiff's arguments here might properly be construed as part of a claim that the whole issue of "qualifications" was itself a sham and that he demonstrates its pretextual nature by showing that younger engineers were hired when he was not.
 
 
 19
 Regardless of what plaintiff was attempting to prove, however, his statistics were simply inadequate. Plaintiff claims that since the formation of the Underseas Weapons Systems Division in 1983, defendant has hired ten individuals, all of whom were under forty years of age, except one fifty-four year old.[3] We have in the past considered and rejected this type of sketchy statistical proof.
 
 
 20
 Third, Simpson pointed out that 94.2% of the employees hired in the two years following his discharge were below the age of 40. Again, this figure does not indicate discrimination based on age. Not only does Simpson fail to provide us with the relative qualifications of those hired and the positions to which they were assigned, he neglects vital information regarding the pool of applicants and whether, for example, qualified older employees were available or applied for those jobs. In a Title VII case, this court previously considered employee statistics unaccompanied by evidence regarding qualified potential applicants from the relevant labor market, and concluded that they lacked probative value. Grano v. Dept. of Dev. of City of Columbus, 637 F.2d 1073, 1078 (6th Cir.1980). The probative weight of hiring figures also necessarily depends on the figures to which they are compared. Hazelwood School Dist. v. United States, 433 U.S. 299, 310, 97 S.Ct. 2736, 2743, 53 L.Ed.2d 768 (1977), figures which are nonexistent in this case.
 
 
 21
 Simpson v. Midland-Ross Corp., 823 F.2d 937, 943-44 (6th Cir.1987).
 
 
 22
 In sum, the plaintiff offered little here other than his age was listed on his resume and he was not hired. As we stated in Sahadi v. Reynolds Chemical, 636 F.2d 1116 (6th Cir.1980):
 
 
 23
 "Congress did not intend that every employer who [fails to hire] a person in the protected age group should automatically find himself at the other end of an age discrimination charge."
 
 
 24
 Id. at 1117.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Plaintiff also claimed 42 U.S.C. Sec. 2000(e) (Title VII) as a jurisdictional basis but in the district court and on appeal the parties only reference the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621-634
 
 
 [2]
 Cf. Klein v. Stop-N-Go, 824 F.2d 453, 468 (6th Cir.1987). It may not be necessary to prove that a younger person was hired. Other types of proof may be substituted if sufficient to prove intentional discrimination
 
 
 [3]
 The magistrate found that the 54-year old person was the one hired to fill the job that plaintiff sought