888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen MARCUM, Plaintiff-Appellant,
v.
FLAT TOP INSURANCE AGENCY OF WEST VIRGINIA, INC.; Flat Top
Agency of Kentucky, Inc.; and McHugh Adjustment
Bureau, Inc., Defendants-Appellees.
 No. 89-5167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Allen Marcum appeals from a directed verdict for defendant in a case of alleged age discrimination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-34. The district court found that Marcum had failed to establish a prima facie case of age discrimination. Accordingly, after presentation of the plaintiff's case, the district judge directed a verdict for defendant. After carefully considering the record on appeal, and the briefs and arguments of counsel, we are unable to conclude that the district court erred in ordering a directed verdict. Accordingly, we affirm the judgment of the district court.
 
 
 2
 Marcum was one of five insurance adjusters employed by defendant. Upon his dismissal, he was not replaced by a new employee. His files were distributed among then-existing employees, with about two-thirds going to adjuster Tim Musick. Marcum maintained that he had been replaced by Musick. However, showing that one's workload has been redistributed among existing employees is not sufficient, standing alone, to constitute a showing of replacement for purposes of establishing a prima facie case of age discrimination. Sahadi v. Reynolds Chemical, 636 F.2d 1116 (6th Cir.1980).
 
 
 3
 Marcum maintains that the trial judge erred in refusing to consider the "replacement" element of the McDonnell Douglas Corp. v. Green test for establishing a prima facie case of age discrimination. In remarks made while ruling from the bench, the trial judge stated that the "replacement" element--showing that one was replaced by someone outside the protected class--was inapplicable in a reduction in force case, and that the plaintiff had to show evidence of discriminatory animus by the employer. Marcum maintains that there was no evidence for the judge to conclude that the dismissal in this case was part of a reduction in force and not a discriminatory replacement. Marcum concludes that the judge disregarded all evidence of replacement. We cannot so characterize the judge's decision. The lack of evidence of replacement in this case was sufficient to allow the judge to conclude that there had been no replacement. From that conclusion, it was reasonable for the judge to assume that the dismissal was part of a reduction in force and thereby to require a showing of discriminatory animus.
 
 
 4
 Marcum cites our decision in Rose v. National Cash Register, 703 F.2d 225, 227 (6th Cir.1983), where the court found that a plaintiff who was dismissed and not replaced as part of a general reduction in force had established a prima facie case of age discrimination. Marcum's case is distinguishable from Rose because of the lack of evidence of discriminatory intent behind Marcum's dismissal. In Rose, there was testimony that NCR wanted to promote a new "younger image" with its reduction in force. The plaintiff testified that one of his supervisors told him that NCR held no future for a man his age. In the absence of any similar evidence here of intent to discriminate in the dismissal of Marcum, the trial court's finding that there was insufficient evidence of discrimination to establish a prima facie case must stand. We affirm.