992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvia R. OLADA, Plaintiff-Appellant,
v.
SPRINT COMMUNICATIONS COMPANY, L.P., Defendant-Appellee.
 No. 92-1709.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1993.
 
 Before KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Sylvia R. Olada, appeals the order of the district court granting summary judgment to defendant, Sprint Communications Company, L.P., on her claims that she was the victim of employment discrimination based upon her sex, age, or national origin. Plaintiff's employment was terminated in the course of a nationwide reduction in force instituted by defendant. Plaintiff does not dispute the economic necessity for a reduction in force, or that her duties were assigned to employees who were retained. She contends that defendant discriminated against her in deciding that others would be retained and she would be terminated.
 
 
 2
 The district court concluded that plaintiff had presented no direct evidence that she was discriminated against because of her age, national origin or gender, and that since no other person was hired to replace her, there was insufficient evidence from which one might infer discrimination.
 
 
 3
 In the absence of direct evidence of discrimination, plaintiffs of necessity rely upon circumstantial evidence from which one can draw an inference of discrimination. Courts often utilize a formula borrowed from the Supreme Court's opinion in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to test the sufficiency of the circumstantial evidence.[1] This McDonnell type of analysis points to a collection of circumstances that are deemed sufficient to raise a reasonable inference that a plaintiff's discharge was the product of discrimination. If these circumstances are present, it is said that they raise an inference of sufficient strength that plaintiff can be deemed to have made out a prima facie case of age discrimination; that is, a case strong enough that a reasonable jury would be warranted in finding for the plaintiff.
 
 
 4
 A key ingredient in the McDonnell collection of circumstances is the persuasive relevance of evidence that the plaintiff was replaced by another person not a member of the plaintiff's protected class. Id. at 804. When that circumstance is absent, as it usually is in a reduction in force due to economic conditions, then other evidence must be substituted for the circumstance missing from the McDonnell formula. See Chappell v. GTE Products Corp., 803 F.2d 261, 266 (6th Cir.1986), cert. denied, 408 U.S. 919 (1987); LaGrant v. Gulf & Western Mfg. Co., Inc., 748 F.2d 1087, 1090-91 (6th Cir.1984); Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1118 (6th Cir.1980).
 
 
 5
 We agree with the district court's conclusion that there was no direct evidence of employment discrimination based upon age, gender, or national origin. Nor was plaintiff's claim supported by sufficient circumstantial evidence. Insofar as the national origin claim was concerned, there was no evidence that defendant was, or should have been, aware that plaintiff was Hispanic. In addition, plaintiff produced no additional evidence as would entitle her to make out a prima facie case of employment discrimination under the circumstances of this reduction in force for economic necessity.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 We do not imply that the McDonnell test applies without qualification in plaintiff's age discrimination claim or that showing replacement by a younger worker is by itself enough to make a prima facie case. This court has long acknowledged that the McDonnell test, developed in the context of Title VII, is not applied automatically in age discrimination cases. Laugeson v. Anaconda Co., 510 F.2d 307 (6th Cir.1975). Replacement of an older employee by a younger employee does not, without more, establish a prima facie case of age discrimination. Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1118-19 (6th Cir.1980)