62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lowell ROWLAND, Robert Miller, Plaintiffs-Appellants,
v.
Marvin RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 94-3480.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1995.
 
 Before: KENNEDY and NORRIS, Circuit Judges; and WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Lowell Rowland and Robert Miller, filed this discrimination case against the United States Post Office, claiming they were denied a promotion due to their age in violation of the Age Discrimination in Employment Act. The District Court granted summary judgment in favor of defendant, concluding that plaintiffs had not come forward with sufficient evidence to rebut the proffered nondiscriminatory reason. Plaintiffs now appeal, and we affirm.
 
 I.
 
 2
 In April 1989, William McComb moved to Akron, Ohio to become the new Management Service Center (MSC) Manager/Postmaster. His duties included supervising Lowell Rowland, the postmaster in Massillon, Ohio, and Robert Miller, the postmaster in Cuyahoga Falls, Ohio. During this time, William Donaldson served as Rowland's assistant postmaster. From September 1989 through January 1990, Donaldson was sent on a temporary detail to the post office in Hudson, Ohio, where he apparently did a good job straightening out various problems. Shortly thereafter, in the Spring of 1990, Donaldson was selected as a member of the Postal Service's Regional Mentoring Program. This program, commonly known as the "fast track", identifies talented employees with future potential for upward mobility.
 
 
 3
 A few months later, in June 1990, Donaldson applied and was being considered for the postmaster position in Uniontown, Ohio. During that interview, McComb informed Donaldson that the Akron Director of Field Operations (DFO) would soon be vacant. Under the Postal Service rules, if Donaldson was selected to be the Uniontown postmaster, he would not be eligible to apply for any position for one year after his appointment. This rule would preclude Donaldson from applying and being considered for the DFO spot. McComb advised Donaldson that he would be taking a risk if he withdrew his name from consideration for the Uniontown spot. Donaldson nevertheless immediately withdrew.
 
 
 4
 Shortly thereafter, the Akron DFO spot did indeed become vacant and McComb recommended that Rowland be appointed Acting DFO. That appointment was made, and Donaldson was then elevated to Acting Postmaster for Massillon. The postal service advertised the DFO opening and accepted applications. In July 1990, a Review Committee examined the applications and selected five finalists for the position. These finalists included both plaintiffs, Rowland and Miller, as well as Donaldson. At the time, Rowland was 50 years old and had 28 years experience with the Postal Service. Miller was 53 and had 34 years of experience; Donaldson was 36 and had 11 years of experience.
 
 
 5
 McComb interviewed the five finalists and made a written report to his supervisor in which he recommended that Donaldson be hired for the DFO position. That report also contained a written evaluation of each candidate. The evaluation of Donaldson and the two plaintiffs are set out below:
 
 
 6
 Mr. Donaldson has a proven record of repeated successes during his 11+ years with the Postal Service. His communication skills are excellent as are all of his other attributes, but I feel his desire to succeed, his demonstrated resourcefulness and his perspective on the future are a combination found in few employees. Mr. Donaldson is indeed that superior candidate that can carry Field Operations successfully through the changes we are now experiencing and that are facing us for the balance of the decade.
 
 
 7
 ....
 
 
 8
 Mr. Miller has 34 years of experience and is probably the most knowledgeable employee in regards to Associate Office operations and procedures in the Akron MSC. The performance of Cuyahoga Falls has been satisfactory over the past 2 years. Bob is a "hands on" manager and his skills in working through subordinate managers are not strong. Mr. Miller is capable and has the skills to handle the position of Director, Field Operations but is not my recommendation.
 
 
 9
 ....
 
 
 10
 Mr. Rowland has 28+ years of experience both in Mail Processing and Delivery. Lowell interviewed extremely well and has been doing a more than adequate job while acting as Director, Field Operations although performance has slipped slightly. Mr. Rowland's communication and management skills are very polished and his ability to get things done is quite adequate. While a strong candidate for this position Mr. Rowland is not my recommendation for Director, Field Operations.
 
 
 11
 JA 504-505.
 
 
 12
 Donaldson was awarded the DFO position in August 1990. After being notified of this decision, Rowland and Miller pursued their age discrimination grievances through administrative channels. After exhausting their administrative appeals unsuccessfully, Rowland and Miller filed the present action. The District Court granted defendant's motions for summary judgment and dismissed the case. Plaintiffs now appeal.
 
 II.
 
 13
 Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. We review de novo a district court's grant of summary judgment.
 
 
 14
 This court has issued guidelines for reviewing cases brought under the ADEA. In such cases, the plaintiff must generally establish a prima facie case of age discrimination based upon the four factors enunciated in McDonnell Douglas v. Green, 411 U.S. 792 (1973). The plaintiff must be a member of the protected class, which consists of persons aged 40 to 70; must have been subject to an adverse employment action; must have been qualified for the position; and a person outside the protected class must have been promoted instead of plaintiff. See, e.g., Simpson v. Midland-Ross Corp., 823 F.2d 937, 940 (6th Cir. 1987); Wilkins v. Eaton Corp., 790 F.2d 515, 520 (6th Cir. 1986). However, since these factors would require an employer to justify the termination of every employee over 40, something more, indicating age was a factor, is required. See Sahadi v. Reynolds Chemical, 636 F.2d 1116 (6th Cir. 1980); Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir. 1975).
 
 
 15
 Once the plaintiff has established his prima facie case, the burden shifts to the defendant to show a non-discriminatory reason for the employment decision. Simpson, 823 F.2d at 940; Wilkins, 790 F.2d at 521. If the defendant successfully demonstrates an acceptable reason, the burden once again is placed upon the plaintiff to prove that the proffered reason is pretextual. Simpson, 823 F.2d at 940; Wilkins, 790 F.2d at 521. If the plaintiff cannot present sufficient evidence on this issue, the defendant is entitled to summary judgment.
 
 
 16
 In the present case, defendant concedes for the purpose of this appeal that plaintiffs established a prima facie case. Defendant offered three reasons for its decision to promote Donaldson over plaintiffs: Donaldson had better performance evaluations for the period immediately preceding the decision, had better knowledge of automation, and had better interpersonal skills.
 
 
 17
 The burden of production has thus shifted back to plaintiffs, and they must present sufficient evidence to rebut these reasons. We will review the evidence presented on each of the above-listed reasons.
 
 A. Performance Evaluations
 
 18
 Defendant asserts that Donaldson received better performance evaluations than did Rowland and Miller in the time immediately preceding the DFO appointment. Defendant also points out that Donaldson did an excellent job at the Hudson post office, where he turned a poorly-run organization into a more efficient, stream-lined operation.
 
 
 19
 The only evaluation of Miller in the record is dated 11/16/89. In that document, McComb rated Miller as merely "satisfactory." This rating is three steps lower than Donaldson received in the same year, and Miller has provided no information which would explain the difference. Accordingly, Miller has not satisfied his burden of coming forward with evidence to rebut the legitimacy of this proffered explanation.
 
 
 20
 The record tells us that Rowland's midyear evaluation in July 1989, and his annual evaluation in November 1989, were both "outstanding." On his midyear evaluation in May 1990, however, McComb awarded Rowland only a "satisfactory" rating. JA 511. The parties do indicate that the evaluation process changed in 1990 to a more quantifiable system, but it is not clear what impact if any, this new system had on Rowland's evaluation. In discussing Rowland's performance, defendant also notes that Rowland's performance slipped during the time Donaldson was at the Hudson post office and that the performance of the DFO office also slipped while Rowland was in charge. Rowland has not come forward with sufficient evidence to rebut these arguments.
 
 B. Automation
 
 21
 McComb stated that Donaldson had superior automation knowledge to the other candidates, as Donaldson served on a regional automation team. The record contains no information about Miller's automation skills. Clearly, then, Miller has not fulfilled his burden of coming forward with evidence on this issue.
 
 
 22
 As part of his response to defendant's motion for summary judgment, Rowland submitted an affidavit to the District Court. That affidavit provides the only evidence regarding Rowland's automation skills and states:
 
 
 23
 I had as much or more experience and knowledge relative to automation than did Donaldson. I was a member of MSC manager's staff and was privy to all the ongoing advances in the USPS related to automation. This includes the automation in operation in Akron, where the MSC manager's staff met weekly. I attended classes, read extensively, and made myself as knowledgeable as anyone in the field about the coming automation. In fact, as Acting DFO, I even prepared a well-received summary of the types of automation and their effect on the various operations of the USPS for the Associate Office Postmasters, consisting of 119 postmasters.
 
 
 24
 JA 117-18. While the evidence on this issue is close, Rowland's failure to present sufficient evidence to rebut the other two proffered nondiscriminatory reasons prevents us from reversing the summary judgment.
 
 C. Interpersonal Skills
 
 25
 Interpersonal skills are a very subjective, indefinite area. Defendant points to Donaldson's success at the Hudson post office to support his claims about Donaldson's interpersonal skills. The record is silent regarding Rowland's interpersonal skills, which illustrates Rowland's failure to rebut defendant's proffered reason for his decision to promote Donaldson. With respect to Miller, the record shows that he did not have very good skills in working with subordinate managers. JA 505. McComb also testified that Miller occasionally lost his temper in meetings. JA 492. Miller has not rebutted this information, so he too has failed to carry his burden.
 
 III.
 
 26
 For the foregoing reasons, we AFFIRM the District Court's judgment.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation