NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0411n.06

No. 11-3235

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 13, 2012*

LEONARD GREEN, Clerk

DAVID M. KREMP,                          )
                                         )
    Plaintiff-Appellant,               )
                                         )
v.                                       )       ON APPEAL FROM THE UNITED
                                         )       STATES DISTRICT COURT FOR THE
ITW AIR MANAGEMENT; ILLINOIS             )       SOUTHERN DISTRICT OF OHIO
TOOL WORKS,                              )
                                         )
    Defendants-Appellees.              )


Before: GIBBONS and SUTTON, Circuit Judges; DUGGAN, District Judge.[*]


SUTTON, Circuit Judge. When business conditions deteriorated in late 2008, ITW Air

Management reduced the size of its workforce. David Kremp, the company's marketing manager,

was among the workers let go. Kremp sued, claiming ITW discriminated against him in violation

of the federal Age Discrimination in Employment Act and state law. The district court granted

summary judgment to ITW. We agree and affirm.

I.

ITW Air Management sells high-speed blowers and other devices that manufacturers use to

clean, cool and maintain factory equipment. Beginning in 2001, David Kremp served as the

company's marketing manager. In that capacity, he produced marketing communications, oversaw

---

[*] The Honorable Patrick J. Duggan, Senior United States District Judge for the Eastern
District of Michigan, sitting by designation.

the company's advertising strategy, conducted market research, engaged in sales work and performed miscellaneous management activities.

In January 2009, ITW's revenue fell sharply as the economic downturn accelerated, prompting ITW General Manager William Oh to reduce costs by laying off employees. The company's reduction-in-force policy provides that "the Company will lay off employees by length of service, except where critical skills are involved." Pl. App'x at 178. Oh opted to reduce the marketing department because it would have relatively little short-term impact on business. Oh first laid off Jeff Stephenson, a marketing support worker with less seniority than Kremp. Revenue continued to decline, and Oh eliminated Kremp's position in February.

Five months later, Kremp sued ITW in federal court on age-discrimination grounds. After discovery, the district court granted summary judgment to ITW. It concluded that Kremp did not make out a prima facie case of age discrimination because he "ha[d] not produced any circumstantial evidence of comments or practices that suggest a preference for younger employees," and he could not identify any younger employees the company had retained in jobs nearly identical to his. R.57 at 8–9. It also concluded that, even if Kremp had established a prima facie case, no reasonable jury could find that ITW's stated rationale for laying him off was pretextual.

II.

Because Kremp offers no direct evidence of age discrimination, we evaluate his claim under the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, when a company discharges an employee in connection with a reduction in force, the plaintiff bears the initial burden of showing: (1) he was a member of the

protected age class; (2) he was discharged; (3) he was qualified for the job; and (4) "additional . . . evidence" shows the employer "singled out the plaintiff for discharge for impermissible reasons." *Geiger v. Tower Automotive*, 579 F.3d 614, 622–23 (6th Cir. 2009). Kremp meets the first three requirements, but his case founders on the fourth.

Kremp tries to satisfy the additional-evidence requirement by showing he "possessed qualifications superior to those of a younger co-worker working in the same position." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1466 (6th Cir. 1990). To do so, he points to two younger employees retained by ITW: Steve Getz (age 43), regional sales manager for the Midwest, and Rick Immell (age 45), national sales manager. But to make any headway under this test, Kremp must show that "all of the relevant aspects of his employment situation were nearly identical" to those of the younger employees. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).

He cannot do that. Getz and Immell were full-time sales managers paid on commission, while Kremp was a marketing manager paid on salary who spent about half his time in sales. Kremp's part-time work in sales, moreover, was devoted almost entirely (80 to 90 percent) to ITW's Vortec line of products, while Getz and Immell spent most of their time selling the company's Paxton line of products, which are built to customer specifications, cost significantly more and most importantly require more sales work. Kremp's job was not "nearly identical" to the jobs of these other employees.

Kremp offers several responses, but they are all unconvincing. *First*, Kremp says that he could have performed the sales jobs that Getz and Immell held given his "years of experience selling to Paxton customers." Br. at 26. That is beside the point. An ADEA plaintiff cannot meet the

"additional evidence" requirement by showing only that "a younger person was retained in a position which [the] plaintiff is capable of performing." *Sahadi v. Reynolds Chem.*, 636 F.2d 1116, 1118 (6th Cir. 1980) (per curiam); *accord Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 266–67 (6th Cir. 2010). To hold otherwise would mean that virtually every fired employee over the age of 40 could make out a prima facie case of age discrimination. *See Sahadi*, 636 F.2d at 1118. That is not how the ADEA works. It does not impose a mandatory seniority system on every covered employer in the country.

*Second*, Kremp says that he could have handled Getz's and Immell's jobs *better* than they handled them, since Getz was still learning the job and Kremp trained Immell when Immell joined the company. That overlooks the two-part nature of the test. Kremp must demonstrate, first, that he "possessed qualifications superior to those of a younger co-worker." *Barnes*, 896 F.2d at 1466. So far so good. But he must demonstrate, second, that the younger co-worker "work[ed] in the same position" as he did. *Id.* Kremp, as shown, did not work in the same positions as Getz and Immell.

*Third*, Kremp says that he was more critical to ITW's success than Immell because Kremp's marketing manager position "had been a fixture of the company since 1989," while Immell's national sales manager position "was created . . . in 2004." Br. at 28. That does not matter. Neither the ADEA nor the cases construing it say that a company faced with a necessary reduction in force must retain workers based on how long their positions have existed at the company. Otherwise, AT&T still would be required to have a director of telegraph operations.

*Fourth*, Kremp says that ITW should have kept him because he "undisputedly had much greater experience than Immell regarding Vortec, the larger of the company's two product lines."

- 4 -

Br. at 29. Yet that is because nearly all of Kremp's sales experience involved Vortec products, while the majority of Immell's experience involved Paxton products, confirming that their jobs were not "nearly identical." *Ercegovich*, 154 F.3d at 352. Nor does the ADEA give federal courts (or juries) a right to second-guess a company's determination that one line of products are more essential to its business (and require a different sales presence) than another line of products.

*Fifth*, Kremp says that ITW's decision to discharge Getz a year after it did the same to Kremp shows that Getz's position could not have been that critical after all. All this shows is that, as the economic downturn continued, ITW found it necessary to lay off more workers, and Getz happened to be the next most expendable employee.

*Sixth*, Kremp says that ITW's decision to assign Immell some of Kremp's job duties after Kremp's termination shows that it impermissibly singled Kremp out because of his age. The only source of law Kremp cites for this proposition is a footnote in which we stated, in dicta, that an employer's decision to shift a laid-off employee's duties to a younger worker is "not necessarily irrelevant" to the question of whether the employer committed age discrimination. *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 529–30 n.11 (6th Cir. 2007), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). That is not a ringing endorsement of Kremp's legal theory. We found the employer's shifting of duties to be irrelevant in *Blair*, and a similar conclusion is appropriate here. ITW permissibly decided that, after eliminating Kremp's position, it needed to reassign some of his duties to its remaining employees. Without more (and Kremp cannot show more), "[t]he fact that younger employees assumed some of [the plaintiff's] duties is insufficient" to satisfy the fourth prong of the prima facie test. *Hanebrink v. Brown Shoe Co.*, 110 F.3d 644, 646

(8th Cir. 1997); *cf. Barnes*, 896 F.2d at 1465 (an employee is not "replaced" for ADEA purposes "when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work").

Aside from a comparison with Getz and Immell, Kremp points to other "circumstances surrounding Oh's selection of Kremp for termination" that give rise to an inference of impermissible discrimination. Br. at 32–33. Because Oh identified Kremp's position in December 2008 as a potential target for elimination in a corporate restructuring, Kremp argues, Oh had it out for him from the beginning. Yet if Oh decided that Kremp's position was not necessary in February 2009, when he laid Kremp off in the face of a deteriorating business climate, it is not surprising that Oh felt the same way two months earlier. Nor is it relevant that Oh hired other employees younger than Kremp (ranging in age from 26 to 43) in the year prior to Kremp's termination. Merely hiring younger workers for other jobs at the company (particularly before the magnitude of the economic downturn became clear) does not suggest discrimination. *See DePas v. Stocker & Yale, Inc.*, 94 F. App'x 335, 339–40 (6th Cir. 2004).

When all is said and done, the record does not permit the inference that ITW engaged in age discrimination. But even if it did, Kremp would face a still more daunting challenge: he would need to show that ITW's stated reason for his dismissal "was pretext and that age was the real reason" for it. *Geiger*, 579 F.3d at 626. He cannot do that. There is no dispute that ITW, like countless other firms across the country, had no choice but to lay off workers in 2008 and 2009. And Kremp offers no reason to doubt Oh's judgment that marketing was a function ITW could do without during hard times. The district court correctly held that Kremp did not establish a triable issue over pretext.

III.

For these reasons, we affirm.