File Name: 12a0394n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 11-3109**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 11, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| SHARON M. PERRYMAN, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| Plaintiff-Appellant, | ) ) | COURT FOR THE NORTHERN DISTRICT OF |
| v. | ) ) | OHIO |
| POSTMASTER GENERAL, United States Postal Service, | ) ) ) |  |
| Defendant-Appellee. | ) ) ) |  |

**Before: SILER, DAUGHTREY, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Plaintiff-Appellant Sharon Perryman appeals the district court's dismissal of her Age Discrimination in Employment Act ("ADEA") claim. Because the district court properly determined that Perryman could not demonstrate that the United States Postal Service's ("USPS") stated reasons for declining her lateral transfer were pretextual, we affirm.

**I.**

Perryman's ADEA claim stems from USPS's denial of Perryman's application for the position of customer services supervisor at the Chagrin Falls, Ohio Post Office, the same position that she held at the South Euclid, Ohio Post Office. Perryman applied for the position on May 10,

2007. At the time of her application, Perryman was fifty-one years old and had worked for USPS for thirty-three years. Mark Gebler, the Postmaster for the Chagrin Falls, Ohio Post Office, interviewed four applicants for the position, including Perryman. Gebler ultimately selected applicant Ana Ruiz-Borrero. At that time, Ruiz-Borrero was thirty-six years old and had previously been the acting customer services supervisor at the Chagrin Falls branch. Gebler informed Perryman that she was not selected for the position via letter dated June 12, 2007. In the two weeks following that letter, Perryman sent Gebler multiple emails to inquire about why she was not selected. Gebler did not respond. Perryman filed an administrative complaint with USPS on July 19, 2007, in which she alleged that her non-selection was due to age and race-based discrimination. The National Equal Employment Office ("EEO") of Investigative Services filed an Investigation Report on Perryman's claim on November 15, 2007. As part of the EEO investigation, Gebler signed a Litigation Hold Notice wherein he stated that he saved all materials relevant to the complaint, including his personal notes, and that he would preserve "all potentially relevant information that presently exists" for one year.

Perryman filed an Application for Immediate Retirement from USPS on August 27, 2008. The EEO issued a final decision on August 19, 2009 that USPS had not discriminated against Perryman on the basis of race or age.

Perryman filed a Complaint in the United States District Court for the Northern District of Ohio on November 30, 2009, that alleged age discrimination and intentional infliction of emotional distress based on her non-selection for the Chagrin Falls position. USPS moved to dismiss the emotional distress claim and filed a motion for summary judgment on the ADEA claim. In her

response to USPS's motion, Perryman withdrew her emotional distress claim. Although the district court found that Perryman had established a prima facie case of age discrimination, it granted USPS's motion for summary judgment on the ground that Perryman could not demonstrate that Gebler's stated reasons for not hiring her were pretextual.

## II.

### A.

We review a district court's grant of summary judgment *de novo. Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999). The moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the [court] of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.*

### B.

For an ADEA claim, the plaintiff has the initial burden of establishing a prima facie case of discrimination. *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382, 1390 (6th Cir. 1993) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). To establish a prima facie case of age discrimination, the plaintiff must demonstrate by a preponderance of the evidence that:

1) she was a member of the protected class (age forty to seventy); 2) she was subjected to an adverse employment action; 3) she was qualified for the position; and 4) she was treated worse than a younger person. *Id.* (citing *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1180 (6th Cir. 1983)). If plaintiff establishes these factors, the burden then shifts to the employer to "provide a legitimate non-discriminatory reason" for the adverse action. *Id.* Should the employer provide such a reason, the burden then shifts back to the plaintiff to demonstrate that the stated reason is pretextual. *Id.* A plaintiff can demonstrate pretext by establishing that: 1) the stated reasons for the adverse action had no basis in fact; 2) the stated reasons for the adverse action were not the actual reasons; or 3) the stated reasons for the adverse action are insufficient to explain the action. *Id.*

Because USPS does not dispute on appeal that Perryman has established a prima facie case of discrimination and Perryman does not dispute that Gebler's stated reasons for not hiring her are legitimate and non-discriminatory, we will address only the issue of pretext.

Gebler claims that his primary reasons for not selecting Perryman were her pride in being a supervisor who is a "stickler for details," which had led to multiple grievances involving the unions, and the fact that she had changed jobs nine times over the past four years[1]. Perryman primarily contends these reasons are pretextual based on Gebler's differing explanations for hiring Ruiz-Borrero and other purportedly false statements made during the course of these proceedings. Gebler initially claimed during the EEO investigation that he chose Ruiz-Borrero because he knew what she was capable of based on their previous work history and she had a good relationship with the unions

---

[1]Perryman claims she told Gebler she was a "stickler for the rules" rather than a stickler for details. We find those statements to be synonymous in substance in context.

and a very positive attitude. However, during his deposition Gebler testified that his decision was based solely on the applicants' answers to his questions, and not their work history. Perryman also discredits Gebler's statement that he asked each applicant the same eleven questions because Ruiz-Borrero could only recall being asked four or five questions. Further, Perryman claims Gebler stated during the EEO investigation that he did not know Perryman's age. However, Perryman informed Gebler during the interview that she would be eligible to retire in 3 1/2 years and the eligible retirement age is 55. In addition, Perryman contends Gebler's statement that Ruiz-Borrero was the best qualified person for the job is false because Perryman was better qualified.

Perryman also alleges that USPS Manager of Human Resources of the Northern Ohio Performance Cluster, Ann Dressler, was not truthful when she attested in her declaration that Perryman was not eligible for a pay-for-performance award for 2008. The higher pay-for-performance award given to supervisors at the Chagrin Falls branch was the adverse employment action that supported Perryman's prima facie case of discrimination.

Finally, Perryman claims that contrary to the mandates in the Litigation Hold Notice, Gebler did not retain his personal notes from Perryman's interview. Perryman also claims this violated USPS procedure which required Gebler to "keep records that make it possible to demonstrate how established selection procedures have been followed." In addition, USPS failed to maintain the file of a USPS employee over forty hired by Gebler, Charlene Payne, who was referenced by Gebler in his EEO affidavit to demonstrate that he did not discriminate against applicants based on race or age. According to Perryman, this spoliation of evidence supports an adverse inference presumption of pretext.

We disagree. Perryman has not demonstrated that either Gebler or USPS had an obligation to preserve the information discarded, nor that the information was discarded "with a culpable state of mind" that would warrant an adverse inference presumption. *See Beaven v. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). Gebler signed the Litigation Hold Notice on September 26, 2007, over three months after Perryman's interview. This notice appears to be a standard USPS form and contains the following sentence: "I have saved all materials that are potentially relevant to this complaint, including my personal notes and email." The last paragraph of the notice begins with the phrase, "I will preserve, for one year from the date that I sign this Notice, all potentially relevant information that **presently exists**, as well as potentially relevant materials created in the future . . . ." (emphasis added). Once Gebler signed the notice he was obligated to maintain materials still in existence. According to Gebler, by the time he received the notice he had already discarded his notes from Perryman's interview. Although Perryman asserts that Gebler should have foreseen the need to preserve the notes based on Perryman's emails questioning her non-selection, "if there was no notice of pending litigation, the destruction of evidence does not point to consciousness of a weak case and intentional destruction." *Beaven*, 622 F.3d at 553 (internal citations omitted). It is not disputed that Gebler was not aware of pending litigation or even a pending investigation at the time of Perryman's interview, nor in the days afterward when Perryman sent the emails.[2]

---

[2]We also note that Gebler submitted a memorandum to his supervisor on June 7, 2007 that summarized his perception of each of the applicants and stated his reasons for selecting Ruiz-Borrero. This memorandum was an exhibit to the EEO Investigative Report and Perryman has not contended that she did not have access to this document. Therefore, even if Gebler was obligated

- 6 -

With respect to Charlene Payne's file, Perryman has not demonstrated why USPS was obligated to keep that file nor that USPS's contention that the file was destroyed in the regular course of business is false. Perryman argues that because Gebler used his hiring of Payne to demonstrate his lack of age bias and Gebler's deposition revealed that Payne was not his first choice for the position, USPS should have known to preserve Payne's file. However, Perryman has not refuted USPS's claim that at the time Gebler initially selected someone for the position that Payne was subsequently hired for, Payne had not yet applied. After Gebler's initial selection was deemed ineligible for that position, Payne later applied and was selected. Further, both Gebler's initial selection and Payne were over forty. Thus, not only has Perryman failed to demonstrate that Gebler or USPS intentionally destroyed Payne's file, she has also not shown that the contents of that file would support her claim of age discrimination. *See Beaven*, 622 F.3d at 553. Accordingly, an adverse inference in support of pretext is not warranted.

None of Perryman's remaining assertions support a finding of pretext either. While Gebler's statements regarding his rationale for hiring Ruiz-Borrero are arguably somewhat different, neither demonstrate that Gebler's stated reasons for not selecting Perryman are untrue. With respect to the number of questions asked during the applicant interviews, Ruiz-Borrerro only explained the general content of her interview with Gebler in her deposition, which included a description of some of the questions that Gebler asked. From that general description, Perryman surmised that Ruiz-Borrero

---

to preserve his personal notes, the memorandum eliminated any prejudice Perryman potentially suffered as a result of the notes' destruction.

was only asked four or five questions. However, Ruiz-Borrero was never specifically asked whether the exact number of questions during her interview totaled eleven. Thus, Perryman has not demonstrated that Gebler's statement in this regard was false.

Nor has Perryman shown that Gebler was untruthful when he asserted that he did not know Perryman's age during the interview. Perryman has never contended that she actually informed Gebler of her age during the interview, only that Gebler could have deduced it based on other information that Perryman provided. Gebler testified in his deposition that while he did not know Perryman's actual age, he did know that Perryman was older than Ruiz-Borrero and that Ruiz-Borrero was likely the youngest person he interviewed for that position. Gebler's testimony admitting that he knew Perryman was older than Ruiz-Borrero does not establish pretext.

In addition, while Dressler did initially state that Perryman was not eligible for a pay-for-performance award in 2008 because she left her employment with USPS in November, 2008, she clarified in a subsequent declaration that her initial statement was based on Perryman's SF-50 personnel form, which indicates that she was not eligible for an award that year. However, the SF-50 form is inconsistent with Perryman's pay stub which supports Perryman's assertion that she did receive such an award. Dressler's reliance on Perryman's official personnel documents for the erroneous statement in her declaration does not establish pretext.

Lastly, Perryman's subjective belief that she was better qualified than Ruiz-Borrero is insufficient to demonstrate pretext. *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 268-69 (6th Cir. 2010). "Relative qualifications establish triable issues of fact as to pretext where the evidence shows that either (1) the plaintiff was a plainly superior candidate, such that no

reasonable employer would have chosen the latter applicant over the former, or (2) plaintiff was as qualified as if not better qualified than the successful applicant, and the record contains other probative evidence of discrimination." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 815 (6th Cir. 2011) (internal citations omitted).

Although Perryman was a higher level employee at the time of her application than Ruiz-Borrero, she has not established that her qualifications were "plainly superior." Perryman relies solely on the fact that at the time of her application she was already a customer service supervisor while Ruiz-Borrero had never held a position at that level. However, Ruiz-Borrero had been an acting customer service supervisor for over two years, including at the Chagrin Falls Branch. Additionally, Perryman's numerous transfers to different branches in a short period of time detracted from her qualifications. In short, Perryman has not shown that she was the plainly superior candidate nor that the selection of Ruiz-Borrero was unreasonable.

While the record could support a finding that Perryman was as qualified as Ruiz-Borrero, Perryman has not submitted other probative evidence of discrimination. Therefore, Perryman fails to establish pretext on this basis.

In sum, Perryman has not established a triable issue of fact as to whether Gebler's legitimate, non-discriminatory reasons for not hiring her were pretextual.

**III.**

Based on the foregoing, the judgment of the district court is affirmed.