RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0017p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

HARRIET D. SCHOONMAKER,
　　　　　　　　　*Plaintiff-Appellant,*

　　　*v.*

SPARTAN GRAPHICS LEASING, LLC,
　　　　　　　　　*Defendant-Appellee.*

No. 09-1732

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 07-01245—Paul Lewis Maloney, Chief District Judge.

Argued: January 11, 2010

Decided and Filed: February 3, 2010

Before: SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** H. Rhett Pinsky, PINSKY, SMITH, FAYETTE & KENNEDY, LLP, Grand Rapids, Michigan, for Appellant. Thomas R. Wurst, MILLER JOHNSON, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** H. Rhett Pinsky, PINSKY, SMITH, FAYETTE & KENNEDY, LLP, Grand Rapids, Michigan, for Appellant. Thomas R. Wurst, Connie L. Marean, MILLER JOHNSON, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

SUHRHEINRICH, Circuit Judge. Plaintiff Harriet Schoonmaker appeals from the order and judgment of the district court granting Defendant Spartan Graphics Leasing LLC's motion for summary judgment in this action under the Age Discrimination Employment Act, 29 U.S.C. §§ 621-634.[1] We AFFIRM.

---

[1]Schoonmaker abandoned her state law claim under the Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, et seq.

1

## I. Background

Spartan Graphics, headquartered in Sparta, Michigan, offers high quality sheet fed web offset printing and screen-printing, primarily for use in advertising. It employs fifty to seventy employees. Schoonmaker began working for Spartan Graphics in October 1995 as a bindery worker. She worked the third shift, along with four others: Harry Speek, Andrea Coronado, Melanie Taylor, and Bonnie Evert. Speek and Coronado were cutters. Taylor, Evert, and Schoonmaker were bindery workers. Speek was Schoonmaker's direct supervisor. Carl Pease was the finishing manager who ran the bindery department.

In October 2006, Spartan eliminated Schoonmaker, then 58, and Evert, then 65, as part of a reduction in work force (a fact which Schoonmaker does not dispute). Pease explained that, in early fall 2006, work was slow, and the managers (owners Jim and Dave Clay, Pease, David Wilson, and Carl Frederickson) decided at a weekly production meeting that they needed to cut costs. Each manager evaluated his department for cost savings. The decision to cut costs was a "general consensus . . . nothing official." Pease testified that he decided to lay off two individuals from the third shift because the first and second shifts were more productive. Pease said he chose Evert first because she had been given the job basically as a favor after she was let go from another department, and she was retiring at the end of the year anyway. Pease chose to retain Taylor, then 29, over Schoonmaker because Schoonmaker was sometimes hard to work with and he thought Taylor would get along better with Coronado and Speek. Pease said that both Speek and Keven Tobias, who worked the first shift and acted as Pease's assistant, agreed that Taylor would be the better team player. Pease admitted that Taylor was no more qualified than Schoonmaker, but that, based on his observations, Taylor was more productive than Schoonmaker. He had no records to support that conclusion, however.

Pease did not consider that Schoonmaker had a greater length of service (eleven years to Taylor's six) or that Taylor had been "written up" in January 2005 for excessive absenteeism. Pease admitted that he was unaware of the company's written policy on staff reductions. The company's employee handbook provides in relevant part:

*STAFF REDUCTION*

> Business circumstances may result in a temporary or permanent reduction in the size of the work force. Making such decisions is not easy. However, the Company will attempt to identify employees who are the most qualified to perform the work available based on qualifications, productivity, attendance, general performance record and other factors the Company considers relevant in each case. When the Company considers these factors to be relatively equal, decisions will be guided by relative length of service.

Pease also admitted that he did not review the personnel files of the three third shift bindery workers when he made his decision. Pease stated that to him, "it's better to have people that can get along and work together and be more of a team."

Schoonmaker brought suit, alleging age discrimination under the ADEA and the Michigan Elliot-Larsen Civil Rights Act, claiming she was let go instead of Taylor because of her age. Spartan Graphics moved, *inter alia*, for summary judgment. The district court granted the motion, concluding that Schoonmaker had failed to establish a *prima facie* case of age discrimination in a work force reduction setting. Schoonmaker appeals.

## II. Analysis

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This court reviews *de novo* the district court's grant of summary judgment. *Briscoe v. Fine*, 444 F.3d 478, 485 (6th Cir. 2006).

### A. Law

The ADEA prohibits an employer from discharging an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). "'The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.'" *Geiger v. Tower Auto.*, 579 F.3d

614, 620 (6th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)).

To state a *prima facie* case on a disparate treatment theory using circumstantial evidence a plaintiff must establish the four elements of the well-known *McDonnell Douglas* test: 1) that she was a member of a protected class; 2) that she was discharged; 3) that she was qualified for the position held; and 4) that she was replaced by someone outside of the protected class.  *Id.* at 622-23 (citations omitted).[2]

Once a plaintiff satisfies her *prima facie* burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action.  *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's explanation was a mere pretext for intentional age discrimination.  *Id.*  The burden of persuasion, however, remains on the ADEA plaintiff at all times to demonstrate "'that age was the "but-for" cause of their employer's adverse action.'"  *Geiger*, 579 F.3d at 620 (quoting *Gross*, 129 S. Ct. at 2351 n.4).  Further, this Circuit holds that a court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when it is analyzing the plaintiff's *prima facie* case.  *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003) (en banc).[3]  This court recently reiterated in an unpublished decision that this principle applies equally in a work force reduction setting.  *See Skelton v. Sara Lee Corp.*, 249 F. App'x 450, 456 (6th Cir. 2007).

---

[2]In *Gross v. FBL Fin. Servs. Inc.*, 129 S.Ct. 2343, 2349 & n.2 (2009), the Supreme Court expressly declined to decide whether the *McDonnell Douglas* test applies to the ADEA. This Court recently held that the *McDonnell Douglas* framework may still be used to analyze ADEA claims based on circumstantial evidence."  *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009).

[3]In *Barnes v. GenCorp Inc.*, 896 F.2d 1457 (6th Cir. 1990), we stated in the context of explaining what establishes a *prima facie* case of age discrimination that the *McDonnell Douglas prima facie* elements are not to be applied "mechanically, instead opting for a case-by-case approach that focuses on whether age was in fact a determining factor in the employment decision."  *Id.* at 1465 n.9.

The parties do not dispute that Schoonmaker's termination arose from a reduction in work force and all agree that Schoonmaker has established the first three elements of the *McDonnell Douglas* test. Only the fourth element is at issue.

### B. *Prima Facie* Case

In *Barnes v. GenCorp Inc.*, 896 F.2d 1457 (6th Cir.1990), this court noted that "[w]hen work force reductions by the employer are a factor in the decision, 'the most common legitimate reasons' for the discharge are the work force reductions." *Id.* at 1465. By merely showing the other elements of a *McDonnell Douglas* case, a plaintiff has not presented any evidence tending to show that the work force reduction was not the reason for the discharge, which does not make out a prima facie case. *Id.* Thus, when a termination arises as part of a work force reduction, the fourth element of the *McDonell Douglas* test is modified to require the plaintiff to provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Id.*

The *Barnes* Court further explained that "a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Id.* Thus, according to *Barnes*, a plaintiff might meet the fourth element in a reduction in force situation as follows:

> If the plaintiff was truly singled out for discharge because of age he or she should be able to develop enough evidence through the discovery process or otherwise to establish a prima facie case. For example, a plaintiff could establish a prima facie case by showing that he or she possessed qualifications superior to those of a younger co-worker working in the same position as the plaintiff. Alternatively, a plaintiff could show that the employer made statements indicative of a discriminatory motive . . . . The guiding principle is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age.

*Barnes*, 896 F.2d at 1465-66 (internal citations omitted).

Schoonmaker argues that the district court ignored that "all circumstances" may be considered to determine whether there is "additional evidence." Thus, she faults the district court for dismissing as irrelevant that (1) a younger employee was retained in her position and that the two oldest employees on the third shift were selected for the reduction in work force, (2) her supervisor did not use the criteria stated in the employee handbook, and (3) Pease did not review personnel files for criteria he admitted should have been considered. She further contends that the district court erred in refusing to consider as "additional evidence" any evidence that also demonstrated that Spartan Graphics' proffered reasons were pretextual.

First, Schoonmaker claims that, contrary to the district court's ruling, the "additional evidence" criterion may be satisfied by showing that younger persons were retained in the same position. Schoonmaker's argument is not without some support. Schoonmaker correctly points out that in *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 421 (6th Cir. 1999), this court, citing *Barnes*, *id.* at 420, said that "additional evidence" "may include 'showing that persons outside the protected class were retained in the same position.'" *Id.* at 421 (quoting *EEOC v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992)). In *Skalka*, the defendant employer developed a "forced ranking" process to facilitate a reduction in workforce. *Id.* at 419. Employees were ranked on various skills in relation to their peers. *Id.* Plaintiff Skalka, who was 54 years old at the time of the layoffs, received a near-perfect score and the highest rank in his peer group. *Id.* at 419-21. We held that there was sufficient evidence for the jury to conclude that the defendant employer discriminated against Skalka, because he "was the oldest member of his peer group and was laid off despite being ranked the most competent." *Id.* at 421.

The first problem with Schoonmaker's reliance on *Skalka* is that the quoted language–merely "showing that persons outside the protected class were retained in the same position" is *dicta*. In *Skalka*, the plaintiff had already provided precisely the kind of objective evidence that will suffice as the additional evidence discrimination that *Barnes* requires, namely that the plaintiff was the most competent member of his peer

group, as measured by objective, company-established criteria, suggesting that he "possessed qualifications superior to those of a younger co-worker working in the same position as the plaintiff." *Barnes*, 896 F.2d at 1465-66.[4] The second problem is that *Skalka's dicta* is inconsistent with an earlier Sixth Circuit case. *See Sahadi v. Reynolds Chem.*, 636 F.2d 1116, 1118 (6th Cir. 1980) (per curiam). In *Sahadi*, the plaintiff was a color matcher for the defendant. As a result of a downturn in the auto industry, the need for color matching was significantly decreased and the plaintiff was one of four employees laid off from different departments. *Id.* at 1116. The plaintiff asserted that his termination was due to his age rather than economic factors, based on the fact that the defendant retained two younger employees whose work he could have performed. *Id.* at 1117. The plaintiff's reduced work load was assumed upon his discharge by one of the two employees. *Id.* at n.1. Specifically, the plaintiff argued "that this court should find a prima facie case where it is shown that an employee terminated during an economic cutback can establish that a younger person was retained in a position which plaintiff is capable of performing, and would have been willing to relocate to perform that job." *Id.* at 1118. The *Sahadi* court rejected this argument, stating:

> If the plaintiff's case-in-chief is viewed as satisfying the requirements for a prima facie case of age discrimination, then every employer who terminates an employee between 40 and 70 years of age under any circumstances, will carry an automatic burden to justify the termination. That result conflicts with the intent of Congress and with our own interpretation of the Act in *Laugesen* [*Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir. 1975)].

*Id.* at 1118.

This court therefore held that the plaintiff "ha[d] failed to establish more than the fact of an age differential," which was "insufficient evidence for a prima facie case under the Age Discrimination Act." *Id.* at 1118-19.

---

[4]The *Skalka* court also noted that "[a]fter a jury verdict, the burden-shifting framework falls away," and that "[t]he question for the court is simply whether there was sufficient evidence to support a finding of age discrimination." *Skalka v. Fernald Env. Restoration Mgmt. Corp.*, 178 F.3d 414, 421 (6th Cir. 1999).

Like the plaintiff in *Sahadi,* Schoonmaker has not shown that she was replaced because she has not shown that another employee was hired or reassigned to perform her duties. *See Barnes*, 896 F.2d at 1465 (stating that "[a] person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties"); *Sahadi*, 636 F.2d at 1117 (holding that the plaintiff was not replaced where his former duties were assumed by another employee in addition to his other functions). Thus, like the plaintiff in *Sahadi*, Schoonmaker has shown nothing more than "the fact of an age differential."

This conclusion is consistent with other decisions from this court, both published and unpublished. *See, e.g., Dabrowski v. Warner-Lambert Co.*, 815 F.2d 1076, 1078-79 (6th Cir. 1987) (stating that "[t]his court has long recognized that the mere fact that a younger employee or applicant receives better treatment than an older one is insufficient to carry the burden of proof in a case under the federal Age Discrimination in Employment Act"; holding that the plaintiff employee's evidence showed little more than that employer hired persons younger than the plaintiff); *LaGrant v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1090-91 (6th Cir. 1984) (stating that "[t]he mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination"; holding that the plaintiff failed to state a *prima facie* case by a mere showing that a younger department head was retained and the plaintiff, also a department head, was laid off); *Adams v. Proto Plastics, Inc.*, 151 F. App'x 468, 470 (6th Cir. 2005) (holding that mere fact that substantially younger employees in comparable positions are retained during reduction in work force is not sufficient to state a *prima facie* case); *Reminder v. Roadway Express, Inc.*, 215 F. App'x 481, 483-84 (6th Cir. 2007) (per curiam) (finding no "additional evidence" even though younger workers were retained during work force reduction).

Thus, under the law of this Circuit, Schoonmaker would have to show that she possessed superior qualities to Taylor in order to meet her burden of establishing a *prima facie* showing in the context of a reduction in work force. *See Barnes*, 896 F.2d at 1466 (stating that a plaintiff could establish a *prima facie* case by showing that her

qualifications were superior to that of a younger coworker). She has not made that showing.

Second, Schoonmaker argues that the lower court erred in holding that a mere showing that the two oldest employees were selected for termination also does not constitute "additional evidence." Although *Barnes* holds that statistical evidence may satisfy the fourth element in a work force reduction case, *see Barnes*, 896 F.2d at 1465, such a small statistical sample is not probative of discrimination. *See Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 943 & n.7 (6th Cir. 1987) (noting that small statistical samples provide little or no probative force to show discrimination; rejecting the plaintiff's attempt to use the departure of only seventeen people as a basis for his statistical argument in a reduction in work force case).

Third, Schoonmaker argues that the district court erred by holding that Spartan Graphics's failure to follow the layoff criteria in its own handbook was not "additional evidence." As the district court observed, "Pease's ignorance of the handbook provision, as opposed to a decision to ignore the handbook provision, does not give rise to an inference that his decision had anything to do with Plaintiff's age." Furthermore, Pease's undisputed testimony established that he considered the employees' qualifications, and their ability to work together constructively as a team. He testified without contradiction that he considered the latter factor to be more important than attendance. Thus, as a practical matter, Pease followed the Spartan Graphics layoff criteria because he considered "qualifications, productivity, attendance, general performance record and other factors the Company considers relevant." Absent some countervailing evidence, this is insufficient to establish the fourth element of the *prima facie* case. *Cf. Skelton*, 249 F. App'x at 462 (rejecting argument at pretext stage that the defendant employer's failure to utilize performance reviews or objective data in the decision-making process raised a reasonable inference that the employer discriminated on the basis of age).

Fourth, Schoonmaker argues that she should be able to use "pretext" evidence in order to establish the "additional evidence" needed at the *prima facie* stage of the

case. But in making this argument, she misses the point of the *Barnes* requirement. The question is not whether the proffered evidence gets the label "pretext." It is whether the evidence–in the context of a reduction in force–shows age discrimination. Here, Schoonmaker's main points–her evidence of "pretext"–are her belief that she was a better worker than Taylor and that Spartan Graphics gave inconsistent and subjective justifications for laying her off. This evidence, however, simply does not show age discrimination, and accordingly it does not establish the kind of "additional evidence" of discrimination that *Barnes* requires in a reduction-in-force setting.

In sum, the district court did not err in holding that Schoonmaker failed to establish her *prima facie* case.

## C. Pretext

Even if we assume Schoonmaker made out a *prima facie* case, she cannot show Spartan Graphics's proffered reason for terminating her was pretext for age discrimination. She cannot prove that Spartan Graphics's proffered reason–low productivity and the inability to get along with others–had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct. *Wexler*, 317 F.3d at 576; *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). Nor has she shown that Spartan Graphics's decision to terminate her employment was so unreasonable as to give rise to an inference of pretext. *See Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 558 (6th Cir. 2009) (citation omitted). In other words, she has not carried her burden under Federal Rules of Civil Procedure 56 of producing sufficient evidence from which a jury could reasonably reject Spartan Graphic's explanation of why it terminated her instead of Taylor. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009).

While she disagrees with Spartan Graphics's conclusions, Schoonmaker has offered no evidence to support her subjective belief that she is more qualified or productive than Taylor. Schoonmaker's subjective views in relation to other coworkers, without more, are insufficient to establish discrimination. *Cf. Briggs v. Potter*, 463 F.3d 507, 516-17 (6th Cir. 2006) (holding that a plaintiff's subjective views of his

qualifications in relationship to other applicants, without more, fails to establish discrimination). In other words, she has not created an inference that the proffered reason had no basis in fact.

Schoonmaker also argues that evidence of pretext can be gleaned from inconsistencies in Spartan Graphics's reasons for laying off Schoonmaker. Specifically, Schoonmaker claims that Pease, Speek, and Tobias gave inconsistent reasons for choosing to retain Taylor instead of Schoonmaker. This court has held that an employer's shifting rationale can be evidence of pretext. *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 592 (6th Cir. 2002). However, Schoonmaker offers no proof that Pease was not the decisionmaker. And, as Spartan Graphics points out, Pease consistently stated that productivity was a factor in Schoonmaker's layoff, as well as the fact that he did not perceive her as a team player.[5] *Cf. Tinker v. Sears, Roebuck & Co.*, 127 F.3d 519, 523 (6th Cir. 1997) (holding that the plaintiff created a genuine issue of pretext with proof of inconsistent statements made by several managers, all of whom appeared to play a role in the plaintiff's termination). In other words, she has not shown that Spartan Graphics's proffered reasons did not actually motivate its decision to terminate her.

Schoonmaker argues that Pease relied on complaints made by her co-workers to support his conclusion that she was not a team player, even though in each situation Pease found no fault with Schoonmaker.[6] She points to three different situations as establishing pretext: (1) co-worker Pauline Wempel's accusation that Schoonmaker keyed her car, which Pease found was unsubstantiated; (2) co-worker Mary Tyson's complaint about Schoonmaker, which Pease failed to investigate or document; and

---

[5] As further proof of "additional evidence" Schoonmaker points out that in response to her complaint filed with the EEOC complaint, Spartan Graphics never mentioned personality or productivity issues. The EEOC's finding of reasonable cause is not probative here because it provides no facts but only a "bare conclusion." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1284 (9th Cir. 2000). Furthermore, this court has held that "an EEOC letter of violation . . . is . . . presumptively inadmissible because it suggests that preliminarily there is reason to believe that a violation has taken place and therefore results in unfair prejudice to defendant." *Williams v. The Nashville Network*, 132 F.3d 1123, 1129 (6th Cir.1997) (internal quotations marks and citation omitted).

[6] Although Schoonmaker does not articulate it as such, presumably this evidence establishes pretext under the second and third prongs of the *Wexler* test.

(3) Melanie Taylor's complaint that Schoonmaker and Evert were mistreating her, which Pease investigated and concluded that everyone was at fault.

This evidence does not rebut Spartan Graphics's proffered reason. Even if Spartan Graphics's reasons were subjective, the evidence does not raise an inference of *age*-based discrimination. *See Geiger*, 579 F.3d at 625 (holding that employer's preference for another employee was not actionable unless motivated by discriminatory animus); *Browning v. Dep't of the Army*, 436 F.3d 692, 697 (6th Cir. 2005) (holding that a supervisor's decision to value certain criteria higher than other criteria listed in job application did not raise inference of pretext; noting that the law does not require employer to make perfect decisions, but simply prevents employers from taking adverse employment actions for impermissible, discriminatory reasons); *Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987) ("So long as its reasons are not discriminatory, an employer is free to choose among qualified candidates."). Moreover, "even if we assume that Defendant's evaluation process was haphazard . . . there exists no reasonable inference that Defendant discriminated on the basis of age." *Skelton*, 249 F. App'x at 462*; see also Coleman*, 232 F.3d at 1285 ("That [the employer] made unwise business judgments or that it used a faulty evaluation system does not support the inference that [it] discriminated on the basis of age."). Indeed, the record reflects that Pease, whose focus was keeping the bindery department running smoothly and efficiently, chose Schoonmaker because she seemed to present more personnel problems than Taylor. In other words, the latter evidence does not show that the employer's reason was insufficient to motivate its conduct in choosing to terminate Schoonmaker.

In short, none of this evidence gives rise to an inference that Spartan Graphics's decision to terminate her was so unreasonable as to create an inference of pretext. In sum, Schoonmaker has not created a triable issue as to pretext.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.