NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0579n.06

No. 11-1411

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LAWRENCE DOUGLAS,                                  )
                                                   )
        Plaintiff-Appellant,                       )
                                                   )
v.                                                 )        ON APPEAL FROM THE UNITED
                                                   )        STATES DISTRICT COURT FOR
INTERNATIONAL AUTOMOTIVE                            )        THE EASTERN DISTRICT OF
COMPONENTS GROUP NORTH                             )        MICHIGAN
AMERICA, INC.,                                      )
                                                   )
        Defendant-Appellee.                        )

FILED

*Jun 05, 2012*

LEONARD GREEN, Clerk

Before: MARTIN, GILMAN, and WHITE, Circuit Judges.

PER CURIAM. Lawrence Douglas appeals a district court's judgment dismissing his civil rights complaint filed pursuant to the Age Discrimination in Employment Act (ADEA), 28 U.S.C. § 621 *et seq.*

International Automotive Components Group North America, Inc. (IAC), an auto parts supplier, terminated Douglas's employment. At the time of his termination, Douglas was fifty-seven years old. Douglas began working at the company's Huron, Ohio plant in 2003, at which time it was owned by another corporation. He became an IAC employee in 2007. Douglas held various positions at the plant and was working as a quality engineer and lab manager when he was laid off. The layoffs occurred in response to a severe downturn in the automobile industry, which resulted in the imposition of various cost-cutting measures by IAC. Many of Douglas's former duties were assumed by Matt Starling, a younger employee, who was transferred to the Huron plant from a facility in Plymouth, Michigan, where his position was slated to be eliminated.

Douglas filed his ADEA complaint alleging that he was discharged because of his age and that, after his discharge, he applied for positions at IAC for which he was not hired because of his age. The district court granted summary judgment to IAC, concluding that Douglas did not provide sufficient evidence to raise an issue of fact as to whether he was discharged because of his age. The district court also concluded that Douglas had provided no evidence that IAC's subsequent failure to rehire him was age related.

We review de novo the district court's grant of summary judgment. *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 723 (6th Cir. 2012).

Because Douglas bases his claim on circumstantial evidence, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009). Under this framework, Douglas must first establish a prima facie case of age discrimination, which includes four elements: "1) that he was a member of a protected class; 2) that he was discharged; 3) that he was qualified for the position that he held; and 4) that he was replaced by someone outside of the protected class." *Id.* When an employee is discharged as part of a workforce reduction, however, we modify the fourth element to require "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Id.* at 623 (quotation marks and citation omitted).

If an employee makes this prima facie showing, "the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action." *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010). "If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's explanation was a mere pretext for intentional age discrimination." *Id.*

The district court found that Douglas failed to satisfy the fourth prong of his prima facie case because he was not replaced by Starling, and because he did not produce additional direct, circumstantial, or statistical evidence tending to show that he was discharged based on his age. Douglas challenges both conclusions on appeal, asserting that he was replaced by Starling and that,

even if he was not, he presented sufficient additional evidence that he was singled out for discharge based on his age. We need not resolve the issue of whether Douglas was replaced by Starling. Even if we assume that Douglas established a prima facie case of age discrimination, he has failed to set forth evidence sufficient for a reasonable juror to find that IAC's proffered reason for discharging him was pretextual. *See Browning v. Dep't of Army*, 436 F.3d 692, 696 (6th Cir. 2006).

There is no dispute that IAC decided to reduce its workforce because of a significant economic downturn and that it directed its plant managers, including Huron plant manager Charles Raymont, to effect a ten percent reduction in base wages. According to Raymont, he felt that Starling was critical to the upcoming launch of a project involving ethylene vinyl acetate (EVA) for carpet and was also able to perform Douglas's duties. Consequently, when Raymont was informed that Starling's position was slated for elimination, he made the decision to have Starling transferred to Huron and to lay off Douglas.

A plaintiff can "establish pretext by showing that the proffered reason (1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to warrant the adverse action." *Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 558 (6th Cir. 2009) (citations and internal quotation marks omitted). A plaintiff may also establish pretext "by offering evidence which challenges the reasonableness of the employer's decision to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." *Id.* (citation and internal quotation marks omitted). Douglas cannot show pretext using any of these methods.

Douglas first attempts to show pretext by arguing that the workforce reduction cannot be the true reason for his discharge because his position was not eliminated, but was filled by Starling. There is no dispute, however, that the "reshuffling" resulted in the elimination of a position and cost savings, "the goal of any [reduction in force]." *Brocklehurst v. PPG Indus., Inc.*, 123 F.3d 890, 895 (6th Cir. 1997). The case on which Douglas relies, *Bonfiglio v. Mich. Underground Specialists*, No. 09-13534, 2010 WL 3190829, at *5 (E.D. Mich. Aug. 12, 2010), is distinguishable because, in that case, a new employee was hired to replace the plaintiff at a higher wage. Further, the rationale

offered by IAC for Douglas's discharge in response to his lawsuit is consistent with the rationale set forth at the time that the decision was made. Accordingly, there is no merit to Douglas's argument that IAC's "shifting rationale" is evidence of pretext. *Cf. Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 591–92 (6th Cir. 2002).

Douglas also attempts to show pretext by arguing that he was significantly more qualified than Starling and that Raymont did not have an adequate basis on which to conclude that Starling was more critical to the carpet EVA project. It is well established, however, that "a plaintiff's subjective views of his qualifications in relation to other [employees], without more, fails to establish discrimination." *Schoonmaker*, 595 F.3d at 269 (citation omitted); *see also Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 462 (6th Cir. 2004). There is no dispute that Starling had been heavily involved in the carpet EVA project at the Huron plant throughout the previous year and that he performed his duties in a satisfactory manner. Accordingly, Douglas cannot show that the decision to retain Starling was "so lacking in merit as to call into question its genuineness." *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 625 (6th Cir. 2006) (citation omitted).

Finally, Douglas attempts to show pretext by pointing to statistical evidence that more older employees were discharged in the workforce reduction. In the cases on which Douglas relies, however, *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1129 (6th Cir. 1998), and *Kulling v. Grinders for Indus., Inc.*, 115 F. Supp. 2d 828, 839 (E.D. Mich. 2000), the statistical evidence showed a significant difference between the average age of the employees who were discharged and those who were retained. The statistical evidence was combined with other evidence of discrimination. To create an inference of discrimination, "the statistics must show a *significant disparity* and eliminate the most common nondiscriminatory explanations for the disparity." *Bender*, 455 F.3d at 622 (citation omitted, emphasis in original). The statistics in this case show only a slight difference between in the average age of the employees who were discharged and those who were not. There was only a slight decrease in the average age of the employees as a result of the workforce reduction. Accordingly, the statistics do not create an inference that IAC targeted employees based on their age. *See id.* at 622.

Douglas also claims that IAC failed to hire him for positions for which he applied after his discharge due to his age. To establish a prima facie case of discrimination in this context, a plaintiff must show "(1) that he is a member of a protected class; (2) that he applied for, and did not receive, a job; (3) that he was qualified for the job; and (4) that a similarly-situated person who was not in the plaintiff's protected class received the job." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003). The district court properly concluded that Douglas failed to make this showing.

Douglas applied to be a Plant Technical Manager at IAC's Fremont plant, a position that opened because the company was transferring carpet and flooring work to Fremont from its Sydney and Sheboygan plants. The company filled this position by transferring Matt Dietz, the Plant Technical Manager at the Sydney plant. Because Dietz was currently working in this position, he and Douglas were not similarly situated. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (explaining that the plaintiff and the employee with whom he seeks to compare himself must be similar in all "relevant aspects") (emphasis omitted). With regard to the second position, a management position at the Huron plant, Douglas failed to provide evidence that his application information was provided to IAC by the screening agency. To the extent that Douglas rests his claim on the more general assertion that IAC failed to notify him of, or consider him for the other positions, his argument fails. The case on which he relies, *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1022 (6th Cir. 2000), is distinguishable because the employer in *Dews* neither notified employees of available positions, nor provided a "formal mechanism for expressing interest."

The district court's judgment is therefore affirmed.