Filed 7/5/13  Drimmel v. SettlementOne CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SYLVIE DRIMMEL , | D060144 |
| Cross-complainant and Appellant, | |
| v. | (Super. Ct. No. 37-2007-00073917-CU-BT-CTL) |
| SETTLEMENTONE CREDIT CORP., | |
| Cross-defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Bleiler & Bond, Diane E. Bond; Simpson & Moore and Sean Simpson for Cross-complainant and Appellant.

The Cabrera Firm and Guillermo Cabrera for Cross-defendant and Respondent.

In this employment discrimination case, an employee was promoted from her position as the operations manager of one portion of her employer's title, escrow and credit information business to vice-president of a new and separate marketing entity her

employer established. Following her promotion, a male who was younger than the employee took over her position as operations manager. The new marketing entity did not do well and, according to the employer, the employee did not perform well in her new position. The employee was terminated, and the new entity was discontinued.

The trial court rejected the employee's contention that in losing her position as operations manager the employee was the victim of unlawful discrimination. The trial court found that the employee's promotion to vice-president of the marketing entity was not an adverse employment action and that her later termination from that position was based on the employee's performance as well as financial and economic circumstances. The record fully supports the trial court's finding on these issues. Thus, we affirm the trial court's judgment in favor of the employer.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Employment

In July 2005, cross-complainant and appellant Sylvie Drimmel began working for cross-defendant and respondent SettlementOne Credit Corporation (erroneously sued in the cross-complaint as Settlement One Title Company; hereafter SettlementOne) as its director of operations. Drimmel was initially paid a salary of $85,000 a year and oversaw SettlementOne's day-to-day operations.

In early 2006, SettlementOne's chief executive officer, Jevin Sackett, began considering establishing a multi-level marketing program for SettlementOne's title, escrow and credit products. Because Drimmel had experience with multi-level

2

marketing, Sackett discussed the idea with her and looked to Drimmel to lead a new program which would recruit and train other people to sell SettlementOne's products and place its products in already existing businesses.

In November 2006, Drimmel began performing tasks needed to launch the marketing program, including developing a draft business plan. The draft business plan Drimmel prepared set a recruiting goal for January 2007 of three affiliates, or individuals selling SettlementOne product lines, and one dealer, or existing business, which would add the SettlementOne product line to its portfolio of products; for February, the draft plan called for recruiting three additional affiliates and one dealer; for March, the plan set a goal of five additional affiliates and one more dealer.

In January 2007, Drimmel was formally offered and accepted a position as vice-president of corporate development at SettlementOne. Drimmel received a 10 percent raise when she was promoted to the new position, bringing her salary to $100,000; significantly, her promotion made her responsible for the new marketing endeavor. SettlementOne replaced Drimmel as director of operations with another employee who was a man and was younger than 40 years old.

Drimmel did not perform well in the new position. According to Sackett, it appeared to him that rather than focusing on recruiting affiliates and dealers, Drimmel was still functioning as the operations manager and doing many tasks which, in Sackett's view, should have been performed by subordinates or other employees with particular expertise. According to Sackett, by February of 2007, Drimmel had not placed

3

advertisements on any online media and had not recruited any affiliates or dealers. Eventually, Drimmel was able to recruit, from existing business relationships with SettlementOne, three affiliates.

According to Sackett, because of Drimmel's poor performance and because of the then deteriorating real estate and mortgage market, in the middle of February 2007, he decided to terminate Drimmel and discontinue the marketing program. Drimmel's employment ended on March 22, 2007.

2. Litigation

This lawsuit was initiated by SettlementOne, which filed a complaint against Drimmel alleging causes of action for intentional interference with contractual relations, intentional interference with prospective economic advantage, and unfair business practices. By way of a cross-complaint, Drimmel alleged multiple causes of action, including age and sex discrimination claims.

Prior to trial, SettlementOne dismissed its claims against Drimmel. Also prior to trial, the trial court granted summary adjudication in SettlementOne's favor on all of Drimmel's claims except for her allegations of age and sex discrimination.

At trial, Drimmel argued that her promotion to vice-president of corporate development was merely a ruse by which SettlementOne could replace her as director of operations with a younger male employee. The trial court rejected this theory and found that her promotion was bona fide and that she was terminated for nondiscriminatory reasons. Thus, the trial court found Drimmel was not the victim of age or sex

4

discrimination.

After the trial court filed its statement of decision, Drimmel moved for a new trial, filed objections to the statement of decision and asked the trial court to make more specific findings. The trial court did not alter its findings and instead entered judgment in favor of SettlementOne. Drimmel filed a timely notice of appeal.

DISCUSSION

I

Drimmel argues at some length that the trial court's statement of decision was inadequate and that the trial court erred in failing to make further, more specific findings after she objected to its proposed statement of decision. We find no error.

Code of Civil Procedure sections 632 and 634 require no more than that a statement of decision fairly disclose "determinations as to the ultimate facts and material issues in the case. [Citation.]" (*Central Valley General Hospital v. Smith* (2008) 162 Cal.App.4th 501, 513.) "When this rule is applied, the term 'ultimate fact' generally refers to a core fact, such as an essential element of a claim. [Citation.] Ultimate facts are distinguished from evidentiary facts and from legal conclusions. [Citations.]" (*Ibid*.; see also *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 559 (*Yield Dynamics*) [ultimate fact is fact "without which the claim or defense must fail"].) Here, by way of its statement of decision, the trial court determined that Drimmel's promotion was not an adverse employment action and that SettlementOne had nondiscriminatory reasons for terminating her employment as vice-president of corporate

development. These determinations, which as we explain are supported by substantial evidence, are sufficient to defeat Drimmel's discrimination claims. Thus, the statement of decision more than adequately discloses the trial court's resolution of ultimate facts and thereby meets the requirements of Code of Civil Procedure sections 632 and 634. Accordingly, we reject Drimmel's nominal argument that the statement of decision was defective and that the trial court erred in failing to respond to her objections to it.

In this regard, in reviewing Drimmel's contentions with respect to the statement of decision, we note that none are directed to any failure by the trial court to fulfill its obligations under Code of Civil Procedure sections 632 and 634 but instead are disagreements with respect to the merits of the trial court's resolution of contested legal and factual issues. Given these circumstances, although we find no formal defect in the statement of decision, we will nonetheless address the substantive merit of each of the issues Drimmel raises in the guise of an attack on the adequacy of the statement of decision.

II

Before reaching the substantive merits of Drimmel's arguments, the principles governing our review of the trial court's decision deserve attention: "First, the trial court's judgment is presumptively correct, such that error must be affirmatively demonstrated, and where the record is silent the reviewing court will indulge all reasonable inferences in support of the judgment. [Citations.] This means that an appellant must do more than assert error and leave it to the appellate court to search the

record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.] Of course this also means that during trial, the parties must ensure that an adequate record is made of errors by which they are or may be aggrieved; ordinarily, errors not reflected in the trial record will not, and indeed cannot, sustain a reversal on appeal. [Citations.]

"Second, findings must be sustained if they are supported by substantial evidence, even though the evidence could also have justified contrary findings. [Citation.] When combined with the foregoing principle this means that an appellant who challenges a factual determination in the trial court—a jury verdict, or a finding by the judge in a nonjury trial—must marshal *all* of the record evidence relevant to the point in question and affirmatively demonstrate its insufficiency to sustain the challenged finding. [Citation.]

"Third, even if error is demonstrated it will rarely warrant reversal unless it appears 'reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' [Citations.] This means the appellant must show not only that error occurred but that it is likely to have affected the outcome." (*Yield Dynamics*, *supra*, 154 Cal.App.4th at pp. 556-557.)

## III

In her first and principal argument on appeal, Drimmel challenges the trial court's finding that in offering Drimmel the position of vice-president of corporate development,

7

with a pay raise, SettlementOne was in fact offering Drimmel a bona fide promotion. In making this finding, the trial court rejected Drimmel's contention the new position was an adverse employment action designed to replace her as director of operations with a younger male employee.

The trial court's finding that the new position was a bona fide promotion is fully supported by the record. We note the record includes Sackett's testimony that creation of the multi-level marketing entity was a good-faith effort to expand SettlementOne's business, evidence Sackett and Drimmel expended considerable effort in developing a draft business plan and evidence Drimmel got a raise in salary with the new position. Importantly, the record also shows Drimmel herself looked at the new position as an opportunity to advance her career. In an email Drimmel sent to Sackett in response to his initial offer to her, and in which she asked for a higher salary, she stated in part: "I am excited about this opportunity and look forward to taking this endeavor to new heights. Based upon our meetings, I am convinced that this is the right direction for SettlementOne and I feel confident I will make a significant contribution to the growth and profitability of the company."

We also note Sackett's testimony with respect to the real estate market, which began a precipitous decline in early 2007. The trial court could reasonably conclude that the changing market conditions explained in large part Sackett's rapid change of heart with respect to the new marketing project.

Although the relatively short period of time Sackett gave Drimmel and the new

8

marketing entity an opportunity to succeed, taken together with the absence of a formal budget for the endeavor, might support a contrary factual determination, given the other evidence which suggests that the new entity and Drimmel's promotion were bona fide, we are in no position on appeal to reject the trial court's resolution of the conflicting evidence. In this regard, the record here is in sharp contrast to the summary judgment the court considered in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512 (*Reid*), upon which Drimmel relies in attacking the trial court's finding that her promotion was bona fide.

In *Reid*, the court held that the plaintiff had established a prima facie case of age discrimination by showing that in addition to (1) disparaging remarks about his age which had been made by both subordinates and executives to whom the plaintiff reported, (2) an email exchange which made a specific reference to the plaintiff's mature age, (3) an email which made reference to "getting [the plaintiff] out," (4) statistical evidence of discrimination, and (5) changing rationales for the plaintiff's termination, the plaintiff had also shown that before he was terminated he had been demoted to a nonviable position in his employer's company. (*Reid*, *supra*, 50 Cal.4th at p. 545.) The court held that given this combination of evidence, the trial court erred in granting the employer's motion for summary judgment. (*Ibid.*)

Nothing in *Reid* stands for the proposition that any promotion or transfer, which is thereafter followed by a termination, is suspect or that a fact finder may not, as the trial court did here, examine the particular circumstances under which a promotion was made and either accept or reject the plaintiff's characterization of it. Unlike the summary

9

judgment being reviewed in *Reid*, here, the trial court found on substantial evidence that Drimmel's promotion was bona fide and, as we have noted, we are in no position to disturb that factual determination.

In a related argument, Drimmel contends the evidence shows that in her new position she was given an unattainable goal and thus set up for failure in a larger scheme to terminate her because of her age and sex.  (See *Willnerd v. First Nat. Nebraska, Inc.* (8th Cir. 2009) 558 F.3d 770, 779; *Denesha v. Farmers Ins. Exch*. (8th Cir. 1998) 161 F.3d 491, 495.)  The difficulty with this argument is that prior to commencing her new job, Drimmel helped develop the business plan which set forth the goals of the program and thereafter was not able to meet those goals.  Drimmel's active participation in setting the goals for the multi-level marketing project undermines her contention that as a matter of law she was set up for failure.

IV

Next, Drimmel challenges the trial court's finding that she did not establish a prima facie case of discrimination.  Again, we find no error.

A plaintiff in a wrongful termination case establishes a prima facie case of discrimination by showing (1) he or she was a member of a protected class, (2) he or she was competently performing her job, (3) he or she suffered an adverse employment action, and (4) some other circumstance suggests discriminatory motive.  (See *Guz v. Bechtel National, Inc*. (2000) 24 Cal.4th 317, 355.)

Because the record shows that her promotion to vice-president of corporate

10

development was bona fide, Drimmel may not rely upon the promotion to establish either the requisite adverse employment action or any discriminatory motive. A bona fide promotion, such as the one the trial court found, is not only not adverse, but it will not support any logical inference of an unlawful motive on the part of a defendant.

Drimmel of course did suffer an undeniably adverse action when she was later terminated from her job as vice-president of corporate development. The difficulty which then arises for Drimmel is showing some circumstance that suggests her termination was motivated by discriminatory animus.

As the trial court noted, an inference of discriminatory animus arises and a prima facie case is established if a terminated employee is replaced by someone not in a protected class; here, someone who is either younger and a male or both. (See *Schoonmaker v. Spartan Graphics Leasing, LLC* (6th Cir. 2010) 595 F.3d 261, 267.) Because the marketing program was discontinued and no one replaced Drimmel as vice-president of corporate development, she cannot establish any discriminatory motive in that manner.

Drimmel is then left with the fact SettlementOne chose not to displace the person who took her former position as director of operations. She argues she presented evidence she was more qualified than her replacement, and SettlementOne still needed a director of operations. We cannot accept the proposition that, by itself, SetttlementOne's unwillingness to terminate or demote Drimmel's replacement gives rise to any inference of discriminatory animus. If Drimmel had successfully shown that her promotion was

11

not bona fide, this argument might be persuasive. In that hypothetical situation, in which the record showed that the promotion was only a pretext for SettlementOne's plan to replace her with a younger male, a reasonable inference of discriminatory intent would arise. However, as we have discussed, the record here supports the trial court's finding that Drimmel's promotion and initial replacement as director of operations with a younger male was bona fide and lawful. The fact the decision to promote the replacement was lawful and nondiscriminatory undermines any inference the later decision to retain him was somehow colored by discriminatory intent.

Also undermining any inference of discriminatory intent in SettlementOne's decision to retain Drimmel's replacement is the fact Drimmel was initially hired and promoted by Jevin Sackett. "'[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive.'" (*Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 272 (*Nazir*).)[1]

Drimmel also relies on two alternative theories to establish discriminatory intent. Neither is persuasive:

Drimmel contends she demonstrated discriminatory animus by showing that the reasons SettlementOne offered for her termination were false. Although discriminatory intent may be inferred when an employer offers false justification for an adverse

---

[1]     Although Drimmel spends a good deal of effort criticizing the so-called "same actor" doctrine where, as here, it is treated as a factual inference to be weighed along with other evidence rather than as a mandatory presumption, it is appropriate. (See *Nazir*, *supra*, 178 Cal.App.4th at p. 273.)

12

employment action (see *Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 U.S. 133, 143, 148), here the trial court found, on substantial evidence, that the reasons offered by SettlementOne—Drimmel's poor performance in the new position and the deteriorating real estate market—were its actual reasons for terminating her employment. The fact Drimmel did not meet her initial recruitment goals and the actual later collapse of the real estate market in 2008 support a finding that performance issues and legitimate economic fears in fact caused Sackett to terminate the program and Drimmel. Importantly, as the trial court noted: "'It is the employer's honest belief in the stated reasons for firing an employee and not the objective truth or falsity of the underlying facts that is at issue[.]'" (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 436.)

Drimmel also argues the trial court should have inferred discriminatory intent from evidence she presented from other employees about what they perceived as Sackett's preference for younger employees in general and younger attractive women in particular. The trial court expressly rejected the notion that this evidence undermined the reasons offered by SettlementOne for Drimmel's discharge. The trial court's unwillingness to draw a connection between what the other employees believed about Sackett and the circumstances surrounding Drimmel's actual discharge is, in turn, supported by the fact Sackett hired and promoted Drimmel. (See *Nazir*, *supra*, 178 Cal.App.4th at p. 272.) In short, the trial court was more persuaded by Sackett's actual hiring and promotion of Drimmel than by any biases perceived by other employees. On

13

appeal, we are in no position to disturb this resolution of a factual issue.

V

Drimmel also argues the trial court erred in permitting SettlementOne to offer evidence of the number of employees it laid off in 2007 and their age and gender. SettlementOne offered the evidence to demonstrate that in 2007 its business was rapidly shrinking and layoffs were necessary and that it did not discriminate on the basis of age or gender. Drimmel objected to the evidence on the grounds that it was not disclosed during discovery.

We find no abuse of discretion in the trial court's admission of the statistical evidence. In his deposition, Sackett testified that as the mortgage crisis was developing, SettlementOne took a number of cost cutting measures, including laying off a number of workers. Although in her discovery request Drimmel asked SettlementOne to set forth all the information which supported its affirmative defense that her termination was justified by nondiscriminatory reasons, the record does not show that Drimmel ever asked for any statistics as to the number, gender and sex of those terminated. Given Drimmel's opportunity to propound discovery which directly addressed the information provided by Sackett at his deposition, and her failure to do so, the trial court did not abuse its discretion in admitting the statistical evidence offered by SettlementOne, which was subject to thorough cross-examination at trial.

14

DISPOSITION

The judgment is affirmed.  SettlementOne to recover its costs of appeal.


BENKE, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.