NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0082n.06

No. 18-1599

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JEFFREY NICHOLAS,                                    )
                                                     )
          Plaintiff-Appellant,                       )
                                                     )
v.                                                   )          ON APPEAL FROM THE
                                                     )          UNITED STATES DISTRICT
DELTA AIRLINES, INC.,                                )          COURT FOR THE EASTERN
                                                     )          DISTRICT OF MICHIGAN
          Defendant-Appellee.                        )

**FILED**
Feb 19, 2019
DEBORAH S. HUNT, Clerk

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Jeffrey Nicholas sued his former employer, Delta Airlines, for age discrimination. The district court granted summary judgment to Delta. We affirm.

In 2006, Nicholas began working as a baggage handler at the Detroit Metropolitan Airport. During his first few years in the position, Nicholas was disciplined multiple times for attendance and safety violations. In June 2012—after Nicholas had missed a month of work without accounting for the absence—Delta gave him a "Final Corrective Notice Action," which meant that Nicholas could be fired for any future disciplinary problems. Over the following 18 months, Nicholas received multiple additional warnings from Delta for attendance and safety violations.

Around this time, Delta also entered into a settlement agreement with the Occupational Safety and Health Administration to address safety problems at the airline. Under this agreement, Delta promised to install seat belts in its ground-support vehicles and to enforce a new seat-belt policy for its employees. In October 2013, Delta circulated an internal memo, entitled "7 Safety

Absolutes," which instructed employees "always . . . [to] wear[] a seat belt when operating or riding" a ground-support vehicle. The memo further explained that any violation would "likely result" in administrative action. Nicholas acknowledges that he received and signed a copy of this memo in November 2013.

The following month, a Delta supervisor, Jeff Lane, reported that he had seen Nicholas driving a ground-support vehicle while not wearing a seat belt. According to Lane's report, Nicholas admitted that he had not been wearing a seat belt and asked Lane not to report the violation. The next week, Nicholas filed a written response to Lane's report in which he said that he "couldn't recall if [he] had used [his] belt or not." Soon thereafter, another Delta supervisor recommended in a memo that the company fire Nicholas because of his failure "to meet Delta's standards and expectations" as well as his "poor performance." Less than a month later, Nicholas was fired. Delta thereafter wrote to Nicholas that he had been fired because of his "attendance, safety and job performance." At the time of his termination, Nicholas was 49 years old.

In December 2016, Nicholas sued Delta in state court for age discrimination under Michigan's Elliott-Larsen Civil Rights Act. Delta thereafter removed the case to federal court and filed a motion for summary judgment. The district court granted Delta's motion after concluding that Nicholas had failed to establish a prime facie case of age discrimination and had failed to show that Delta's stated reason for firing him was pretextual. We review that decision de novo. *See Tilley v. Kalamazoo Cty. Rd. Comm'n*, 777 F.3d 303, 307 (6th Cir. 2015).

Michigan law prohibits an employer from firing an employee because of his age. *See* Mich. Comp. Laws § 37.2202(1)(a). Here, Nicholas asserts that he has circumstantial evidence to show that Delta fired him because of his age. *See Tilley*, 777 F.3d at 308. But he does not contest that Delta has articulated a "legitimate, nondiscriminatory reason" for having fired him—namely, his

various safety and attendance violations, including a violation of a "Safety Absolute." *See Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 590 (6th Cir. 2014). Thus, Nicholas must present evidence from which a jury could find that Delta's stated reason for firing him was pretextual. *See Tilley*, 777 F.3d at 308.

Nicholas can establish pretext by showing that Delta's reason "had no basis in fact, did not actually motivate" the decision to fire him, or "was insufficient to motivate" the decision. *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 268 (6th Cir. 2010). Nicholas contends that Delta's reason "had no basis in fact" because, he says, Lane's report about the seat-belt violation is "questionable." Nicholas Br. at 23. But so long as an employer had "an honest belief" in its stated reason for firing an employee, "the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect." *Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 559 (6th Cir. 2009) (internal quotations marks omitted). Here, Delta presented ample evidence that it honestly believed its stated reason for firing Nicholas. Nicholas has offered no evidence to the contrary. Hence this argument is meritless.

Nicholas also argues that Delta's reason "did not actually motivate" its decision to fire him because, he says, Delta failed to identify any other employee who had been fired for a seat-belt violation standing alone. *See Schoonmaker*, 595 F.3d at 268. But Delta has evidence that it fired Nicholas for his numerous safety and attendance violations, not just the seat-belt violation. And again Nicholas has no evidence to the contrary. Hence this argument also fails.

The district court's judgment is affirmed.