NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0389n.06

**No. 18-5973**

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 30, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BETTYE STEELE, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| EDWARD D. JONES & COMPANY L.P., | ) | |
| | ) | |
| *Defendant-Appellee*. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; GRIFFIN and BUSH, Circuit Judges.

COLE, Chief Judge. Plaintiff Bettye Steele appeals the district court's grant of summary judgment for Defendant Edward D. Jones & Company after she alleged age discrimination for terminating her from her job when she was 71 years old.

Because Steele is unable to show that Edward D. Jones & Company's reason for terminating her was pretextual, we affirm the district court's grant of summary judgment for the defendant.

## I. BACKGROUND

In February 2009, Bettye Steele was hired by Edward D. Jones & Company ("Edward Jones") as a Branch Officer Administrator ("BOA") in Nashville, Tennessee. At the time, Steele was 66 years old. Tyrone Laws supervised Steele at the branch office until July 2010, when Steele requested and received a transfer to a "floater" role, where Steele could work at multiple offices in the Nashville area.

In July 2011, about a year after her transfer to the floater position, Laws filed a report with Edward Jones's human resources department alleging that Steele made inappropriate comments to clients and prospective clients. Steele's comments allegedly included rumors that Laws had cheated on his wife and was stealing toys from the company's Toys for Tots charity drive. As a result of Laws's report, a representative from Edward Jones contacted Steele and advised her that she was expected to act professionally and that any other negative comments from her would result in an investigation and possible termination.

Despite the warning, Steele did not stop making comments about Laws. Two years passed, and once again, Laws advised Edward Jones's human resources department in July 2013 that he continued to hear about Steele's negative comments about him. Laws had learned of the comments from a local coffee shop owner, to whom Steele had repeated the rumor that Laws stole from the company's Toys for Tots program. Again, a human resources representative contacted Steele to instruct her on the need to be professional and to use better judgment. The representative also instructed Steele not to have any contact with the coffee shop owner.

But a few months after this warning, in September 2013, the coffee shop owner filed a complaint against Steele with Edward Jones's human resources department. This time, the coffee shop owner reported that Steele confronted her in her coffee shop for informing Laws about the rumors. Because of this confrontation, the owner banned Steele from the coffee shop. As a result, Edward Jones issued a written warning to Steele for her lack of professionalism and poor judgment, which she signed. Steele did not write a response contesting the allegations.

In September 2014, Steele accepted a position to return as a BOA in Edward Jones's Murfreesboro, Tennessee, office, under the supervision of Alan Brown. Steele was 70 years old at the time. In December 2014, Brown informed Edward Jones's human resources department that

he had reprimanded Steele for a malicious note she had left for another employee. Brown contacted Edward Jones's human resources department again in September 2015 to inform them of his concerns that (1) Steele was unprepared for meetings, (2) she failed to prepare for a major web-based meeting, (3) she failed to assist Brown with his duties for the company, and (4) she used inappropriate language. In addition to these professionalism issues, Steele had also been reported for multiple performance mistakes, including sending a client a $5,000 transfer instead of the requested $50,000, and shredding a $14,000 rollover check.

On September 24, 2015, representatives from Edward Jones's human resources department called Steele, with Brown on the line, to discuss her performance and possibilities for Steele to improve. When it became clear that Steele would not commit to changing her behavior, a representative from human resources terminated Steele's employment at Edward Jones. Steele was 71 years old at the time.

On November 29, 2016, Steele filed a complaint against Edward Jones alleging that the company committed discrimination by firing her because of her age and replacing her with a younger employee. The district court found that while Steele presented evidence for a prima facie case of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, she was unable to show that Edward Jones's "legitimate, non-discriminatory reason for adverse action [was] pretextual." (Summ. J. Mem., R. 37, PageID 378.)

Steele timely appealed.

## II. ANALYSIS

We review the district court's grant of summary judgment de novo. *Pittman v. Experian Info. Sol., Inc*, 901 F.3d 619, 627 (6th Cir. 2019). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the ADEA, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

> To prevail on a claim under the ADEA, it is not sufficient for the plaintiff to show that age was a motivating factor in the adverse action; rather, the ADEA's "because of" language requires that a plaintiff "prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision."

*Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 529 (6th Cir. 2014) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).

A plaintiff can prove a violation of the ADEA with either direct or circumstantial evidence, *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009), and "a plaintiff need only prove one or the other, not both." *Scheick*, 766 F.3d at 529. Here, Steele only alleges circumstantial evidence. When a plaintiff alleges circumstantial evidence of age discrimination, we have traditionally applied the *McDonnell Douglas* burden-shifting framework to the ADEA claims. *See Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 n.2 (6th Cir. 2010); *see also Scheick*, 766 F.3d at 530 ("[A]s this and every other circuit has held, application of the *McDonnell Douglas* evidentiary framework to prove ADEA claims based on circumstantial evidence remains consistent with *Gross*."). Under this framework, a plaintiff must first establish a prima facie case of age discrimination, after which, the burden shifts to the defendant to present "a legitimate, nondiscriminatory reason for the adverse employment action." *Loyd v. Saint Joseph Mercy*

*Oakland*, 766 F.3d 580, 590 (6th Cir. 2014). Finally, if the defendant provides a legitimate, nondiscriminatory reason for the adverse action, then the burden shifts back to the plaintiff to prove that the defendant's reason is a "pretext designed to conceal unlawful discrimination." *Id.*

Both parties agree that Steele has established a prima facie case of age discrimination: (1) she was at least 40 years old at the time of the alleged discrimination, (2) she was subject to an adverse employment action, (3) she was qualified for the position, and (4) she was replaced by someone younger. *See Geiger*, 579 F.3d at 622. And Edward Jones has proffered a legitimate, nondiscriminatory reason for the adverse employment action: Steele was terminated, it contends, because of her lack of professionalism and unwillingness to change her behavior at work.

The only remaining issue for us to decide is whether Steele has provided evidence from which a jury could find that Edward Jones's reason is pretext. A plaintiff can refute an employer's alleged nondiscriminatory reason "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc) (internal citation and quotation marks omitted). Steele is unable to meet that burden.

First, Steele has presented no evidence that the proffered reason has no basis in fact. *See Brennan v. Tractor Supply Co.*, 237 F. App'x 9, 20 (6th Cir. 2007) ("A showing that a proffered reason had 'no basis in fact' consists of evidence establishing that the proffered reasons for the employer's decision never happened, or are factually false.") On the contrary, Steele admitted in the district court that over the course of her employment at Edward Jones, the human resources department spoke with her multiple times about her lack of professionalism and need to put her past issues with Laws behind her. Instead of heeding these warnings, Steele continued to engage in behavior that Edward Jones found unbecoming for a representative of its company, whose job

required frequent client interaction.  Second, Steele has not provided any evidence that this reason did not actually motivate the defendant's conduct or was insufficient to warrant the conduct.  *Id.* (internal quotation marks omitted) ("[I]t is well-settled that a court may not reject an employer's explanation [of its action] unless there is sufficient basis *in the evidence* for doing so.").

Steele's only challenge to Edward Jones's proffered reason is that Brown "declined [to] implement[] [Edward Jones's] progressive disciplinary policy," and that a "specific list[] of job deficiencies weren't provided to [her]" before she was terminated.  (Appellant Br. 21.)  Edward Jones, however, notes that even though it has a progressive disciplinary system, their phone call with Steele was to determine what level of discipline should be implemented.  When it became clear that Steele—who already had a history of conflict and warnings—refused to accept responsibility for her actions, the company felt that "there was no choice other than to terminate her employment."  (Appellee Br. at 21.)  Because Steele has not provided evidence to the contrary, she cannot establish that a reasonable jury could find that Edward Jones's reason was a pretext. *See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382, 1395 (6th Cir. 1993) (per curiam) (finding that the plaintiff's evidence was insufficient to create a material fact dispute that the defendant's proffered reason was pretext).

### III.  CONCLUSION

For the foregoing reason, we affirm the district court's grant of summary judgment in favor of Edward Jones.